IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FELICIA BYERS, ) | |
| ) | |
| Plaintiff, ) | C.A. No.: |
| ) | |
| v. ) | |
| ) | Trial By Jury Demanded |
| HOUSEHOLD FINANCE CORPORATION, ) | |
| HOUSEHOLD INTERNATIONAL, INC., AND ) | |
| OR HOUSEHOLD PAYROLL SERVICES, INC., ) | |
| Delaware Corporations, ) | |
| ) | |
| Defendant, ) | |

## COMPLAINT

### THE PARTIES

1. The plaintiff, Felicia Byers (hereinafter referred to as "plaintiff") was at all times relevant to this complaint, a resident of the State of Delaware.

2. The defendant, Household Finance Corporation, Household International, and/or Household Payroll Services, Inc. (hereinafter referred to as "defendants") are corporations organized and existing under the laws of the State of Delaware, whose agent for service of process is Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

3. The plaintiff was at all times relevant to this complaint a female employee of the defendant.

4. The defendant at all times relevant to this complaint employed more than 500 employees.

## JURISDICTION

5.  This Court has jurisdiction based upon the existence of a question arising under Title VII, of the Civil Rights Act of 1954, 42 U.S.C. §2000e et.seq., as amended by the Civil Rights Act of 1991, §704 of Title VII. Accordingly, this Court has jurisdiction over this controversy based on the provisions of 42 U.S.C. §2000e-5(f)(3) as well as 28 U.S.C. §§1331 and 1334.

## VENUE

6.  The unlawful employment practices alleged herein were committed within the State of Delaware. Accordingly, venue lies in the United States District Court for the District of Delaware, under 42 U.S.C. §1339(b).

## EXHAUSTION OF REMEDIES

7.  Prior to the filing of this action, the plaintiff filed a timely charge of sexual discrimination and harassment with the Delaware Department of Labor, and as a simultaneous filing, with the Equal Employment Opportunity Commission, on or about December 5, 2003, alleging the discriminatory and harassing conduct which occurred beginning on September 4, 2003 and continued until October 31, 2003.

8.  Subsequently, on or about April 4, 2005, the U.S. Equal Employment Opportunity Commission prepared a "Dismissal and Notice of Rights".

9.  On July 20, 2005, the U.S. Equal Employment Opportunity Commission provided notice to the plaintiff of the issuance of the "Dismissal and Notice of Rights" notice, by forwarding a copy of that notice to her attorney, which was received at or about that date.

10. This action is brought within 90 days of the plaintiff's receiving notice through her attorney, of the preparation of the "Dismissal and Notice of Rights" document.

## FACTS

11. The plaintiff began working for the defendant on or about June 10, 2001 as a Senior Account Executive.

12. Between approximately June 10, 2001 and September 2003 the plaintiff was supervised by Dennis Barth and/or Joan Sietieski and under whose supervision had performed in an excellent manner.

13. During September 2003 the plaintiff began working under a new supervisor, Terry Parker.

14. At about the time Terry Parker began work as the Branch Manger, the plaintiff was on approved medical leave, and was conducting business from her home, by telephone.

15. During various telephone conversations between the plaintiff, and her new supervisor, the supervisor would question her as to the nature of her "freak friends", to which the supervisor made obscene remarks.

16. On October 9, 2003, after the plaintiff, and her supervisor worked late, her supervisor began changing from his work attire into casual clothes in the lobby rather than using a private room. As the plaintiff was walking through the lobby to exit, he stated to her: "Your lucky my pants aren't down because if they were I would have you limping out of her".

17. On or about October 10, 2003 the supervisor approached the plaintiff from behind and attempted to massage her shoulders and chest.

18. On or about October 21, 2003 the supervisor joked to the plaintiff about how he would have to "tap her ass" referring to a fellow female worker.

19. On or about October 23, 2003, the plaintiff was instructed by her supervisor to stop working and to begin a telephone conversation with a friend of the supervisor in order to sexually arouse the supervisor.

20. On or about October 25, 2003 while out of the office attending a training class conducted by her employer, the plaintiff called her office in order to conduct her employer's business. During that conversation, the supervisor interrupted the conversation to inquire as to what her sexual activities would be that evening.

21. On October 25, 2003 the plaintiff, and another female co-worker were leaving the office and reported to the supervisor that they were scheduled to attend an employer conducted seminar in Pennsylvania, to which the supervisor responded that the plaintiff was not to go to the seminar, but was to "show her hot ass".

22. The actions of the supervisor during the telephone call of October 25, 2003 caused immediate upset to the plaintiff at which time she informed defendant's representatives of the situation.

23. The employer knew or negligently failed to recognize, or negligently failed to respond to the knowledge of the behavior patterns of the male supervisor prior to his assuming a supervisory role of the plaintiff.

24. During the later part of October 2003 the supervisor continued with inappropriate comments and sexual requests and to intimidate the plaintiff demonstrated how he would choke her in order to obtain compliance with his request.

25. As a result of the actions of the supervisor, the plaintiff began a period of work related disability on October 31, 2003.

26. While on disability, the defendant's human resources department was contacted by another female employee who described the situation as existed between the plaintiff and her supervisor.

27. On December 21, 2003 a representative of the employer contacted the plaintiff wanting to know why the plaintiff was not returning her supervisor's calls. Upon information and belief the plaintiff believes that the supervisor had been reporting to the employer that he had been calling the plaintiff, and the plaintiff was not returning his calls. The employer's representative requested that the plaintiff contact her male supervisor to clear up any misunderstandings.

28. As a direct and proximate result of the actions of the plaintiff's supervisor, as well as the negligence of the defendant, in failing to properly supervise, train, and educate the supervisor, the plaintiff has been, and continues to be disabled from her employment.

29. As a further direct and proximate result of the actions of the plaintiff's supervisor as well as the negligence of the defendant, in failing to properly supervise, train, and educate the supervisor, the plaintiff has been constructively discharged by the defendant.

30. As a further direct and proximate result of the actions of the plaintiff's supervisor as well as the negligence of the defendant, in failing to properly supervise, train, and educate the supervisor, the plaintiff has suffered a significant loss of earning capacity and income.

31. As a further direct and proximate result of the actions of the plaintiff's supervisor as well as the negligence of the defendant, in failing to properly supervise, train, and educate the supervisor, the plaintiff has suffered, is suffering, and will continue to have mental suffering, distress, pain, and embarrassment.

## COUNT I

### DISCRIMINATION UNDER 42 U.S.C. §2000e

32. The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 31.

33. The actions of the defendant's supervisor towards the plaintiff constitutes sexual discrimination and harassment all in violation of 42 U.S.C. §2000e-2.

## COUNT II

### DISCRIMINATION UNDER 42 U.S.C. §2000e

34. The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 33.

35. The actions of the defendant, in failing to properly train, properly supervise, properly educate, and/or to negligently train and/or supervisor, and/or hire the male supervisor described herein, all constitute sexual discrimination and/or harassment in violation of 42 U.S.C. §2000e-2.

**WHEREFORE**, the plaintiff requests this Court to:

a    Enter a judgment against the defendant.

b.    Enter a declaratory judgment stating that the acts of the defendant are in violation of the plaintiff's rights.

c.    Enter a judgment against the defendant for compensatory damages, including any lost wages, the plaintiff's pain, suffering, humiliation, embarrassment, and other personal injuries.

d.    Enter injunctive relief directing that the defendant take appropriate actions to cease all discriminatory and harassing conduct towards its employees.

e.      Award the plaintiff the cost, interest and attorney fees for this lawsuit.

f.      Award such other and further relief as this Court deems just and appropriate.

ABER, GOLDLUST, BAKER & OVER

_____
GARY W. ABER (DSB #754)
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE 19899
302-472-4900
Attorney for Plaintiff

DATED: September 29, 2005