IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FELICIA BYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 05-711-GMS |
| HSBC PAY SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S OPENING BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS**

Jennifer C. Jauffret (#3689)
Jauffret@rlf.com
Kelly A. Green (#4095)
Green@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Attorneys for Defendant

Dated: December 5, 2005

RLF1-2950065-1

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................. ii

NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 1

SUMMARY OF ARGUMENT ......................................................................................... 2

STATEMENT OF FACTS ................................................................................................ 3

        A.    The Parties. .................................................................................................. 3

                1.    Plaintiff. ......................................................................................... 3

                2.    Defendant. .................................................................................... 3

        B.    The Nature Of The Claims Asserted. ......................................................... 3

        C.    The "Right To Sue" Letter. ......................................................................... 3

        D.    The Complaint Is Untimely Filed. .............................................................. 4

ARGUMENT ..................................................................................................................... 5

        I.    STANDARD FOR A RULE 12(b)(6) MOTION TO DISMISS. ................ 5

        II.    PLAINTIFF'S FAILURE TO BRING ACTION WITHIN 90 DAYS OF THE ISSUANCE OF THE "RIGHT TO SUE" LETTER BARS THIS CLAIM. .......................................................................................................... 5

        III.    THERE ARE NO GROUNDS FOR EQUITABLE TOLLING IN THIS CASE. ................................................................................................. 8

        IV.    IN THE ALTERNATIVE, IN THE EVENT THE COURT DETERMINES THIS ACTION SHOULD NOT BE IMMEDIATELY DISMISSED, DEFENDANT REQUESTS LIMITED DISCOVERY ON THE ISSUE OF PLAINTIFF'S RECEIPT OF THE RIGHT TO SUE LETTER. ........................ 9

CONCLUSION ................................................................................................................ 11

Case 1:05-cv-00711-GMS     Document 5     Filed 12/05/2005     Page 3 of 16

## TABLE OF AUTHORITIES

### CASES

Arots v. Salesianum School, Inc.,
C.A. No. 01-334-GMS, 2003 WL 21398017 (D. Del. Jun. 17, 2003) ................................ 7, 8, 9

Baldwin County Welcome Ctr. v. Brown,
466 U.S. 147 (1984) .................................................................................................................. 8

Breckin v. MBNA Am.,
28 F. Supp. 2d 209 (D. Del. 1998), aff'd, 205 F. 3d 1328 (3d Cir. 1999) (TABLE) .............. 6

City of Pittsburgh v. W. Penn Power Co.,
147 F.3d 256 (3d Cir. 1998) ..................................................................................................... 5

Conley v. Gibson,
355 U.S. 41 (1957) .................................................................................................................... 5

Dupree v. United Food & Commercial Workers Union,
C.A. No. 03-930-GMS, 2005 WL 41562 (D. Del. Jan. 7, 2005) .......................................... 7, 8

Everett v. Hospital Billing and Collection Serv., Ltd.,
C.A. No. 04-049-JJF, 2005 WL 751940 (D. Del. 2005) ......................................................... 10

Garrison v. Town of Bethany Beach,
131 F. Supp. 2d 585 (D. Del. 2001) .......................................................................................... 9

Jordan v. Fox, Rothschild, O'Brien & Frankel,
20 F.3d 1250 (3d Cir. 1994) ..................................................................................................... 5

Miree v. DeKalb County, Ga.,
433 U.S. 25 (1977) .................................................................................................................... 5

Mohasco Corp. v. Silver,
447 U.S. 807 (1980) .................................................................................................................. 8

Mosel v. Hills Dep't Store, Inc.,
789 F.2d 251 (3d Cir. 1986) ..................................................................................................... 6

Oshiver v. Levin, Fishbein, Sedran & Berman,
38 F.3d 1380 (3d Cir. 1994) ..................................................................................................... 5

Seitzinger v. Reading Hosp. & Med. Ctr.,
165 F.3d 236 (3d Cir. 1999) ..................................................................................................... 6

## TABLE OF AUTHORITIES (cont.)

### OTHER AUTHORITIES

42 U.S.C. § 2000e-2 ..................................................................................................................1

42 U.S.C. § 2000e-5(f)(1) ..........................................................................................................5

Fed. R. Civ. P. 8(a)(2) ................................................................................................................5

Fed. R. Civ. P. Rule 6(e) .........................................................................................................6, 7

Fed. R. Civ. P. 12(b)(6) ..............................................................................................................5

Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (2d ed. 1990) .........................................................................................................................................5

## NATURE AND STAGE OF THE PROCEEDINGS

This is an action that attempts to assert claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2. (Comp. ¶¶ 33, 35). Plaintiff Felicia Byers ("Plaintiff") alleges that she was sexually harassed and discriminated against during her employment with defendant HSBC Pay Services, Inc. ("HSBC" or "Defendant") based upon her gender. Plaintiff filed a charge of discrimination with the Delaware Department of Labor ("DDOL") on December 5, 2003 (Comp. ¶ 7), which was simultaneously dual-filed with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has not filed a Dismissal and Notice of Rights, otherwise known as a "right to sue" letter, with the Complaint as required, but concedes such a letter was prepared by the EEOC on April 4, 2005. (See Comp. ¶ 8).

The "right to sue" letter indicates that Plaintiff was sent a copy by the EEOC on the "Date Mailed," April 4, 2005. A copy of Plaintiff's "right to sue" letter is attached hereto as Exhibit A (hereinafter "Ex. A").[1] Plaintiff's Complaint was not filed until September 29, 2005, 178 days after the issuance of the "right to sue" letter.

As is customary, the "right to sue" letter advises Plaintiff that, under federal law, if she chooses to file suit she must do so within 90 days of receipt of the EEOC letter. (Ex. A). Plaintiff did not do so and instead waited 178 days from the date of the mailing of the EEOC "right to sue" letter to file this action. Accordingly, as demonstrated below, this action is untimely and must be dismissed.

---

[1] Plaintiff relies on and discusses the "right to sue" letter, and therefore it is incorporated herein by reference.

-2-

## SUMMARY OF ARGUMENT

1.    Plaintiff failed to file this action within 90 days of the presumed receipt of her "right to sue" letter from the EEOC. The action is therefore time barred.

2.    Plaintiff is not entitled to equitable tolling under the circumstances of this case. As such, this action is time barred.

3.    In the alternative, in the event the Court determines this case is not appropriate to dismiss at the present time, Defendant respectfully requests that discovery be initially limited in scope to the timing of Plaintiff's receipt of the "right to sue" letter.

## STATEMENT OF FACTS

### A. The Parties.

#### 1. Plaintiff.

Plaintiff is a female who has been employed by HSBC and resides in the State of Delaware. (Comp. ¶¶ 2, 3).

#### 2. Defendant.

Plaintiff claims Defendant is a business that employs more than 500 employees and is a corporation organized and existing under the laws of the State of Delaware. (Comp. ¶¶ 2, 4).

### B. The Nature Of The Claims Asserted.

In Plaintiff's Complaint, she alleges she was harassed and discriminated against on the basis of her gender. (Comp. ¶¶ 33, 35). Specifically, Plaintiff claims a HSBC supervisor made inappropriate statements and overtures of a sexual nature to her. (Comp. ¶¶ 15, 21). She also claims HSBC failed to take the required steps to supervise, train and educate her supervisor. (Comp. ¶ 28). She claims that since October 31, 2003, she has been (and continues to be) disabled from employment as a result of the actions of her supervisor and HSBC. (Comp. ¶ 28).

### C. The "Right To Sue" Letter.

No "right to sue" letter is attached to the Complaint; however, Plaintiff discusses the "right to sue" letter in detail in the Complaint. (Complaint ¶¶ 8-10).[2] That letter, which is attached as Exhibit A hereto, concludes as follows:

> The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this Charge.

---

[2] The Defendant hereby represents to the Court that it received a copy of a "right to sue" letter directed to Plaintiff from the EEOC in April 2005.

(Ex. A). As is customary, the EEOC "right to sue" letter also contains an express direction to Plaintiff requiring her to bring suit, if at all, within 90 days. It states: "Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> from your receipt of this Notice**; or your right to sue based on this charge will be lost." (Ex. A) (emphasis in original).

The "right to sue" letter is dated as mailed on April 4, 2005. Plaintiff concedes the "right to sue" letter was prepared on or about April 4, 2005. (Comp. ¶ 8). Nowhere in the Complaint does Plaintiff deny that she received this letter from the EEOC soon thereafter. Instead, she merely asserts that she received a copy of the "right to sue" letter from her counsel on July 20, 2005. (Comp. ¶ 9). Plaintiff likewise does not assert that she filed her lawsuit within 90 days of <u>first</u> receiving such notice. (Comp. ¶ 9). Nor does Plaintiff offer any reason for not filing the Complaint in a timely manner. (<u>See</u> <u>generally</u> Complaint).

### D. The Complaint Is Untimely Filed.

As noted above, the Complaint is conspicuous for its failure to adhere to the 90-day limitation between the mailing of the "right to sue" letter and the commencement of this lawsuit. The Complaint was filed with the Court on September 29, 2005, exactly 178 days after the date of mailing of the "right to sue" letter. As shown below, this action is time barred.

## ARGUMENT

I. **STANDARD FOR A RULE 12(b)(6) MOTION TO DISMISS.**

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court is required to accept as true all allegations in the plaintiff's complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). While the Court may accept well-pleaded allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences or sweeping legal conclusions cast in the form of factual allegations. See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977). Moreover, Plaintiff must set forth sufficient information to outline the elements of her claims or to permit inferences to be drawn that these elements exist. See Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the pleading, and matters of public record. City of Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994); see 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 at 299 (2d ed. 1990).

II. **PLAINTIFF'S FAILURE TO BRING ACTION WITHIN 90 DAYS OF THE ISSUANCE OF THE "RIGHT TO SUE" LETTER BARS THIS CLAIM.**

Under Title VII, to be timely, a plaintiff must file her action in court within 90 days of the date of her "right to sue" letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). The relevant statute states that "a civil action may be brought against the respondent named in the charge" "within ninety days after the giving" of the "right to sue" letter. (Id.). The courts have viewed this

statute as "a congressionally imposed limitations period." Breckin v. MBNA Am., 28 F. Supp. 2d 209, 211 (D. Del. 1998), aff'd, 205 F. 3d 1328 (3d Cir. 1999) (TABLE).

While the statute suggests that the 90-day bar runs from "the giving" of the "right to sue" notice, the EEOC form itself, Exhibit A hereto, advised Plaintiff that her "right to sue" ran 90 days "from your receipt of this Notice."

The Third Circuit Court of Appeals has interpreted Section 2000e-5(f)(1) to mean that the "time for the filing of a complaint begins to run when the plaintiff has notice of the EEOC's decision, which usually occurs on the date he receives a right-to-sue letter from the agency." Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999). Thus, "[w]hen the actual date of receipt is known, that date controls." (Id.). Where, however, the complaint makes no reference to the "right to sue" letter, or the date on which it was actually received by the plaintiff is unknown or in dispute, the court should presume that the plaintiff received her "right to sue" letter **three days** after the EEOC mailed it. See Fed. R. Civ. P. Rule 6(e); Mosel v. Hills Dep't Store, Inc., 789 F.2d 251, 253 n.2 (3d Cir. 1986), Seitzinger, 165 F.3d at 239.

Here, it is clear from the face of the "right to sue" letter that it was mailed on April 4, 2005. (Ex. A). Likewise, it is undisputed that Plaintiff first filed her Complaint on September 9, 2005. A simple computation shows that this first filing with this Court took place precisely 178 days after the date of mailing of the "right to sue" letter. Following the Third Circuit's three-day rule, the Complaint is untimely as a matter of law, since it was filed 175 days after the date when Plaintiff is presumed to have received the "right to sue" letter, or a full 85 days late. This delay should not be countenanced by this Court.

In <u>Arots v. Salesianum School, Inc.</u>, C.A. No. 01-334-GMS, 2003 WL 21398017 (D. Del. Jun. 17, 2003),[3] an employer filed a motion to dismiss or alternatively for summary judgment on the grounds that the employee's complaint was not filed within the proper time limits. The EEOC mailed its "right to sue" letter to the employee on December 15, 2000, but the employee claimed that he did not receive the letter until February 23, 2001. Because there was no evidence to support the employee's bare assertion that he did not receive the letter until February, this Court assumed, pursuant to Fed. R. Civ. Pro. 6(e), that the "right to sue" letter was received within three business days. "[W]ithout evidence regarding the plaintiff's receipt of the right to sue notice, any attempt to file suit even one day after the expiration of the ninety-day time period must result in dismissal." <u>Id.</u> at *3.

Moreover, in <u>Dupree v. United Food & Commercial Workers Union</u>, C.A. No. 03-930-GMS, 2005 WL 41562 (D. Del. Jan. 7, 2005), the EEOC mailed to Dupree a "right to sue" letter on June 10, 2003, but Dupree did not bring suit until October 6, 2003. The Court noted it was undisputed that the EEOC issued and mailed the "right to sue" notice on June 10, 2003. Although plaintiff had maintained that he did not receive his letter until July 7, 2003, the Court noted that "[b]ecause he offers no evidence in support of his bare assertion, however, Rule 6(e), presuming receipt after three days from the mailing date, must be applied." <u>Id.</u> at *2. Therefore, the Court found the action was filed untimely.

Like in <u>Arots</u> and <u>Dupree</u>, Plaintiff here has offered no evidence to support an assertion that she did not receive the "right to sue" letter three days after it was sent by the EEOC. Importantly, Plaintiff does not even assert that she did not receive the "right to sue" letter within three days of its mailing. Rather, she merely states she received a copy of the letter from her

---

[3] Unreported cases are attached hereto in alphabetical order at Exhibit B.

lawyer on July 20, 2005. (Comp. ¶ 9). Nor does she state this is the first copy of the "right to sue" letter she received. Id. As such, this Court should treat the "right to sue" letter as having been received three days from the date of mailing and therefore beyond the 90-day deadline.

As the United States Supreme Court has made clear, there is "no ... basis for giving Title VII actions a special status under the Rules of Civil Procedure." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 150 (1984). Likewise, the Supreme Court has instructed that "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980). Similarly, strict adherence to the 90-day time limitation must be followed here.

### III.  THERE ARE NO GROUNDS FOR EQUITABLE TOLLING IN THIS CASE.

The Complaint filed in this action does not present the type of circumstances for which Plaintiff's failure to timely file a complaint should be tolled on equitable grounds. The cases already cited to by Defendant also make clear that equitable tolling is inappropriate in circumstances in which a plaintiff did not reasonably or diligently pursue his or her claims.

In Arots, this Court adopted the Third Circuit test for equitable tolling. Arots, 2003 WL 21398017, at *2. Equitable tolling may only be appropriate in the following circumstances: "(1) if the defendant actively misled the plaintiff; (2) if the plaintiff was prevented, in some extraordinary way, from asserting his rights; (3) if the plaintiff timely asserted his rights mistakenly in the wrong forum; (4) if the claimant received inadequate notice of his right to file a suit; (5) if a motion for appointment of counsel is pending; or (6) if the court misled the plaintiff into believing that he had done everything required of him." Id. In Arots, despite the fact that following his termination plaintiff fell into a serious depression and became alcoholic and suicidal, the Court still found that such facts were not an extraordinary barrier to plaintiff's

-8-

ability to assert his rights in a timely manner. Id. at *3. Here, there are no facts or allegations to support equitable tolling on any ground.

Similarly, in Garrison v. Town of Bethany Beach, this Court refused to equitably toll a late-filed complaint. 131 F. Supp. 2d 585 (D. Del. 2001). In Garrison, plaintiff claimed he did not receive a "right to sue" letter; however, he had engaged in conversations with EEOC personnel, who let him know his claim was not being pursued. The plaintiff knew that the EEOC was not pursuing the complaint and that he could pursue his case by other means. Accordingly, he had sufficient notice even if the Court accepted his allegation that he did not receive the letter. This Court dismissed the action for lack of diligence by plaintiff, while noting that if the plaintiff was as anxious as he claimed to be, he would have reminded the EEOC worker to send his "right to sue" letter or would have asked when he should expect the letter. Id. at *592.

As such, the law is clear that Plaintiff's time to file her suit should not be tolled, and accordingly her case must be dismissed as time barred.

IV.  **IN THE ALTERNATIVE, IN THE EVENT THE COURT DETERMINES THIS ACTION SHOULD NOT BE IMMEDIATELY DISMISSED, DEFENDANT REQUESTS LIMITED DISCOVERY ON THE ISSUE OF PLAINTIFF'S RECEIPT OF THE RIGHT TO SUE LETTER.**

It is beyond dispute that the Complaint in this matter was filed more than 90 days from the date the "right to sue" letter was mailed by the EEOC. As such, even in the event this Court determines the issue of the timing of Plaintiff's receipt of the "right to sue" letter is not ripe for immediate dismissal, Defendant asserts that full-scale discovery need not be undertaken until this initial matter is resolved. In particular, there is no need to expend the resources of this Court and the parties if discovery on this one discreet issue would resolve this matter in its entirety.

Courts have previously considered parties' requests for limited discovery where such limited discovery would fully resolve a matter without the need to conduct full-scale discovery. See Everett v. Hospital Billing and Collection Serv., Ltd., C.A. No. 04-049-JJF, 2005 WL 751940 at *3 (D. Del. 2005) (granting right to take discovery on issue that would resolve matter at early stage as indicated in the attached scheduling order). In the event the Court determines this matter is not ripe for adjudication, Defendant anticipates needing only Plaintiff's deposition and, depending on Plaintiff's testimony, a very limited number of other depositions to resolve the timing of Plaintiff's receipt of the "right to sue" letter. As such, Defendant respectfully requests it not be required to participate in potentially wasteful discovery if this matter can be quickly and economically resolved.

-11-

## CONCLUSION

WHEREFORE, for the reasons explained herein, Plaintiff's claim is time barred as a matter of law and must be dismissed with prejudice. Defendant respectfully requests that the Court enter judgment for it and against Plaintiff. In the alternative, Defendant requests that it be granted the right to take limited discovery on the issue of Plaintiff's receipt of the "right to sue" letter and be allowed to present this evidence to the Court prior to commencement of full discovery on the merits.

/s/ Kelly A. Green
Jennifer C. Jauffret (#3689)
Jauffret@rlf.com
Kelly A. Green (#4095)
Green@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendant

Dated: December 5, 2005

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2005, I electronically filed the foregoing Defendant's Opening Brief in Support of its Motion to Dismiss with the Clerk of Court using CM/ECF which will send notification of such filing to the following and on December 5, 2005, hand delivered copies of the same to:

>Gary W. Aber, Esquire
>Aber, Goldlust, Baker & Over
>702 King Street, Suite 600
>P. O. Box 1675
>Wilmington, Delaware  19899

*Kelly A. Green*
Kelly A. Green (#4095)
Green@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, DE  19899
302-651-7700
Attorneys for Defendant