# EXHIBIT B



Not Reported in F.Supp.2d    Page 1
Not Reported in F.Supp.2d, 2003 WL 21398017 (D.Del.), 26 NDLR P 90
(Cite as: 2003 WL 21398017 (D.Del.))

**Motions, Pleadings and Filings**

United States District Court,
D. Delaware.
Christopher J. AROTS, Plaintiff
v.
SALESIANUM SCHOOL, INC., Defendant.
No. 01-334 GMS.

June 17, 2003.

*MEMORANDUM AND ORDER*

SLEET, J.

I. INTRODUCTION

*1 On May 23, 2001, Christopher J. Arots filed a *pro se* complaint against Salesianum School, Inc. ("Salesianum"), alleging employment discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* Presently before the court is the defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment (D.I.7). For the following reasons, the court will grant the motion.

II. BACKGROUND

Arots worked as a music teacher at Salesianum School for twenty-three years. On January 13, 2000, the school terminated his employment. The plaintiff alleges that his discharge was motivated by discrimination concerning an unnamed disability. Accordingly, Arots filed a charge with the Equal Employment Opportunity Commission ("EEOC") on August 24, 2000. On December 15, 2000, the EEOC mailed to Arots and to legal counsel for Salesianum a "Dismissal and Notice of Rights" letter stating that any lawsuit arising from the same charge must be filed within ninety days of the receipt of the letter. Salesianum received the letter on December 22, 2000; Arots maintains that he received the letter on February 23, 2001.

Arots filed the present suit on May 23, 2001. Nearly one year later, Arots had yet to provide notice of the lawsuit to Salesianum. Accordingly, on April 30, 2002, the court ordered Arots to show good cause within twenty days as to why the complaint should not be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m). On May 14, 2002, Arots mailed the Notice and Request for Waiver of Service and Summons to the defendant, which he then filed on May 23, 2002. The notice was defective, however, in that it provided Salesianum with only five days to respond. Moreover, Arots still had not served the defendant with process. Consequently, the court issued a second order on December 9, 2002 requiring Arots to serve the summons and complaint upon the defendant within ten days. Eleven days later, on December 20, 2002, Arots served Salesianum with process.

III. STANDARD OF REVIEW

The defendant moves for dismissal or, in the alternative, summary judgment. Because the court will consider evidence outside the scope of the pleadings, it will treat the present motion as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. *See, e.g., Public Interest Research Group v. Powell Duffryn Terminals,* 913 F.2d 64, 71 (converting motion to dismiss to motion for summary judgment when additional evidence was submitted). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Boyle v. County of Allegheny Pa.,* 139 F.3d

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                        Page 2

Not Reported in F.Supp.2d, 2003 WL 21398017 (D.Del.), 26 NDLR P 90

(Cite as: 2003 WL 21398017 (D.Del.))

386, 392 (3d. Cir.1998). Thus, summary judgment is appropriate only if the moving party shows there are no genuine issues of material fact that would permit a reasonable jury to find for the non-moving party. *Boyle,* 139 F.3d at 192. A fact is material if it might affect the outcome of the suit. *Id.* (Citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986)). An issue is genuine if a reasonable jury could possibly find in favor of the non-moving party with regard to that issue. *Id.* In deciding the motion, the court must construe all facts and inferences in the light most favorable to the non-moving party. *Id.; see also Assaf v Fields,* 178 F.3d 170, 173-74 (3d Cir.1999).

IV. DISCUSSION

A. Compliance with the Ninety-Day Statutory Limitations Period

*2 The defendant first moves for summary judgment on the basis that the plaintiff's claim is untimely for failure to file within the prescribed statutory period. For the reasons that follow, the court agrees that the present suit is untimely, and that the plaintiff has not adduced evidence sufficient to warrant tolling of the limitations period.

1. Timeliness of the Plaintiff's Claim

Before bringing a discrimination claim in federal court pursuant to the ADA, the aggrieved party must file a charge of discrimination with the EEOC. If the Commission dismisses the charge, the aggrieved party may sue the employer directly within ninety days of the receipt of the EEOC notification of dismissal. 42 U.S.C. § 2000e-5(f)(1) (2003). This notification comprises a letter of determination ("Dismissal and Notice of Rights") informing the party of his or her right to sue and the ninety-day time period in which to file suit. 29 C.F.R. § 1601.19(a) (2003). When the receipt date of the right to sue letter is in dispute, and there is no evidence pertaining to when the letter was actually received, Rule 6(e) of the Federal Rules of Civil Procedure will control by invoking the presumption of receipt within three days of mailing. *Seitzinger v Reading Hosp and Med Ctr.,* 165 F.3d 236, 239 (3d Cir.1999). Furthermore, without evidence regarding the plaintiff's receipt of the right to sue notice, any attempt to file suit even one day after the expiration of the ninety-day time period must result in dismissal. *Mosel v Hills Department Store, Inc.,* 789 F.2d 251, 253 (3d Cir.1986) (citing cases); *see also Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 152 (1984) (*per curiam*) ("Procedural requirements established by Congress for gaining access to federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.").

In this case, it is undisputed that the EEOC issued and mailed the Dismissal and Notice of Rights letter on December 15, 2000. The defendant received the letter on December 22, 2000. By contrast, Arots maintains that he received the letter on February 23, 2001. Because he offers no evidence in support of this bare assertion, however, Rule 6(e), presuming receipt after three days from the mailing date, must be applied. Therefore, the presumed date of receipt is December 18, 2000, or three days after the mailing date of December 15, 2000. Because the present suit was filed nearly 180 days after the presumed receipt of the right to sue letter, it is apparent that the action is untimely.

2. Equitable Tolling of the Statutory Period

Although not raised by the *pro se* plaintiff, the court will consider whether equitable tolling of the ninety-day statutory period is appropriate in this case. It is well-established that federal courts should invoke the equitable tolling doctrine 'only sparingly.' *United States v. Midgley,* 142 F.3d 174, 179 (3d Cir.1999) (quoting *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96 (1990)). In the Third Circuit, equitable tolling may be appropriate in certain limited contexts: (1) if the defendant actively misled the plaintiff; (2) if the plaintiff was prevented, in some extraordinary way, from asserting his rights; (3) if the plaintiff timely asserted his rights mistakenly in the wrong forum; (4) if the claimant received inadequate notice of his right to file a suit; (5) if a motion for appointment of counsel is pending; or (6) if the court misled the plaintiff into believing that he had done everything

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                      Page 3

Not Reported in F.Supp.2d, 2003 WL 21398017 (D.Del.), 26 NDLR P 90
**(Cite as: 2003 WL 21398017 (D.Del.))**

required of him. *Jones v. Morton,* 195 F.3d 153, 159 (3d Cir.1999). In each of these contexts, the party seeking equitable tolling must have demonstrated reasonable diligence in investigating and filing his claims. *New Castle County v. Halliburton NUS Corp.,* 111 F.3d 1116, 1126 (3d Cir.1997).

*3 In his answer to the defendant's motion, the plaintiff reports that, after being discharged from his job, he fell into a serious depression and became alcoholic and suicidal. Pl.'s Response to Def.'s Motion for Summary Judgment (D.I.11) at 1. Arots also explains that he waited to receive his pension check before filing suit. *Id.* at 2. These facts, although unfortunate, do not establish an extraordinary barrier to the plaintiff's ability to assert his rights in a timely manner. In this circuit, "mental incompetence is not *per se* a reason to toll the statute of limitations." *Lake v. Arnold,* 232 F.3d 360, 371 (3d Cir.2000) (citing *Barren by Barren v. United States,* 839 F.2d 987 (3d Cir.1988)). Tolling may be warranted if the mental incompetence motivated the injury which the plaintiff seeks to remedy-- for example, when a mentally incompetent plaintiff seeks tolling to allow him to sue for his involuntary commitment during the entire limitations period. *Id.* (citing *Eubanks v. Clarke,* 434 F.Supp. 1022 (E.D.Pa.1977)). From the bare facts asserted by the plaintiff, there appears to be no such relationship between his depression and alcoholism and the injury he seeks to redress, as these hardships occurred after his discharge from Salesianum. In any case, Arot's conclusory and unsupported statements, without more, do not support a finding that equitable tolling is warranted. *See, e.g., Boos v. Runyan,* 201 F.3d 178, 185 (2d Cir.2000) ("[The plaintiff's] conclusory and vague claim, without a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights, is manifestly insufficient to justify any further inquiry into tolling.").

In his answer, Arots also states that he thought he had filed suit within the statutory time frame. *See, e.g.,* Pl.'s Response to Def.'s Motion at 2 ("I was told how much time I had to file a law suit by federal court, and I met the time line."). If this bare statement may be construed as an assertion that his right to sue notice was insufficient, this argument fails as well. By following Rule 6(e), which is appropriately applied when the date of receipt is in dispute without supporting evidence, Arots is presumed to have received adequate notice of the time constraint through the right to sue letter. The plaintiff offers no evidence to rebut this presumption.

Likewise, if by his statements Arots intends to suggest that the court misled him into believing that he had done everything required of him, this argument is unsupported. The court has issued no orders or opinions addressing the timeliness of the plaintiff's claims prior to the present memorandum. There is no evidence, or even suggestion, other than the plaintiff's vague assertions, that any employee of the court misled him into believing that he had complied with the statutory deadline. Thus, the court will not found its decision on any such implication.

*4 Finally, the court considers the plaintiff's *pro se* status. Equitable tolling is more appropriate when the litigant is inexperienced and proceeding *pro se. Ricciardi v. Consolidated Rail Corp.,* 2000 WL 1456736, at *4 (E.D.Pa.2000) (citing *Kocian Getty Refining & Marketing Co.,* 707 F.2d 748, 755 (3d Cir.1983)). Nonetheless, a plaintiff's *pro se* status does not, alone, justify the application of equitable principles to excuse the failure to meet procedural requirements. Indeed, "[a]lthough ... conformity with procedural rules should be viewed liberally when a litigant is acting *pro se,* the rules are not suspended simply because the litigant is unrepresented by counsel. The *pro se* complainant must exercise reasonableness and good faith in prosecution of his claims." *Carter v. Three Unknown Police Officers,* 112 F.R.D. 48, 52 (D.Del.1986); *see also McNeil v. United States,* 508 U.S. 106, 113 (1993) ( "We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). In this case, there is no evidence that Arots encountered any undue hardship in filing the suit, or that any of the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                Page 4
Not Reported in F.Supp.2d, 2003 WL 21398017 (D.Del.), 26 NDLR P 90
**(Cite as: 2003 WL 21398017 (D.Del.))**

other considerations for equitable tolling are present. Furthermore, as discussed below regarding the plaintiff's extremely untimely service of process upon the defendants, it seems apparent that Arots did not exercise due diligence in pursuing his claims. Therefore, despite the plaintiff's *pro se* status, tolling of the statutory guidelines is not warranted.

B. Timeliness of Service of the Complaint and Summons

The defendant also moves for summary judgment on the basis that the complaint was not timely served. Because the court has found that the present action must be dismissed for other reasons, it need not address this alternative argument at length. The court notes, however, that the plaintiff failed to serve the summons and complaint upon the defendant until December 20, 2002, approximately fifteen months after the expiration of the 120-day period, and only after two court orders requiring the plaintiff to show good cause for his failure to timely serve and ordering him to effect service. When considered in light of the plaintiff's failure to timely file suit, the court finds, unequivocally, that the present action must be dismissed. *See, e.g., Fernandez v. I.R.S.,* 1994 WL 591556 (D.N.J.1994) (dismissing *pro se* complaint for failure to serve within 120-day period); *Momah v. Albert Einstein Med. Ctr,* 159 F.R.D. 66, 69-70 (E.D.Pa.1994) (dismissing complaint served one day after expiration of 120-day period when defendant hospital had conducted business "in the broad light of day" and plaintiff had been employed there); *Parker v. State of Delaware,* 2000 WL 291537, at *2 (D.Del.2000) (dismissing complaint when plaintiff failed to serve defendants within 120-day period and noting that "[e]xtension is particularly inappropriate in the present case because plaintiffs failed to file their complaint within the 90-day 'right to sue' period for Title VII and ADA actions.").

VI. CONCLUSION

*5 Although he received adequate notice of his right to sue and the associated time constraint, the plaintiff failed to file suit within the prescribed statutory period, and he did not present evidence to warrant equitable tolling of the limitations period. Furthermore, Arots failed to timely serve the summons and complaint upon the defendant. As such, the present action must be dismissed.

THEREFORE, IT IS HEREBY ORDERED that:
1. The defendant's Motion to Dismiss or for Summary Judgment (D.I.7) is GRANTED.
2. Judgment be and is hereby entered in favor of the defendant.
3. The Clerk of the court is directed to close this case.

Not Reported in F.Supp.2d, 2003 WL 21398017 (D.Del.), 26 NDLR P 90

**Motions, Pleadings and Filings (Back to top)**

• 1:01CV00334 (Docket) (May. 22, 2001)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d    Page 1

Not Reported in F.Supp.2d, 2005 WL 41562 (D.Del.)

**(Cite as: 2005 WL 41562 (D.Del.))**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
Anthony DUPREE, Jr., Plaintiff,
v.
UNITED FOOD AND COMMERCIAL
WORKERS UNION, Local 27 and Allen Family
Foods,
Inc., Defendants.
**No. Civ.A. 03-930-GMS.**

Jan. 7, 2005.
Anthony DuPree, Jr., Milton, DE, pro se.

Albert M. Greto, O'Brien, Belland & Bushinsky, LLC, Matthew F. Boyer, Connolly, Bove, Lodge & Hutz, Wilmington, DE, for defendants.

*ORDER*

SLEET, J.

*1 For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. Allen Foods' Motion for Summary Judgment (D.I.34) is GRANTED.

2. United Food's Motion for Summary Judgment (D.I.31) is GRANTED.

3. Judgment be and is hereby entered in favor of the defendant.

4. The Clerk of the court is directed to close this case.

*MEMORANDUM*
I. INTRODUCTION

On October 6, 2003, Anthony DuPree, Jr. ("DuPree") filed a *pro se* complaint against the United Food and Commercial Workers Union, Local 27 ("United Food"), and Allen Family Foods Inc. ("Allen Foods") (collectively, the "defendants"), alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* Presently before the court are the defendants' Motions for Summary Judgment (D.I.31, 34). For the following reasons, the court will grant the motions.

II. BACKGROUND

DuPree worked as an assistant supervisor of the Tray Pack department at Allen Foods for about thirty days. On March 7, 2002, Allen Foods terminated his employment for gross misconduct. DuPree asserts that he was terminated because of his race. DuPree filed a charge against Allen Foods with the Department of Labor of the State of Delaware on March 7, 2002. On March 19, 2002, DuPree filed a charge with the Equal Employment Opportunity Commission ("EEOC"). On June 10, 2003, the EEOC mailed to DuPree and to legal counsel for Allen Foods a "Dismissal and Notice of Rights" letter stating that any lawsuit from the same charge must be filed within ninety days of the receipt of the letter. [FN1] Allen Foods received the letter on or about June 14, 2003. Dupree asserts that he received the letter on July 7, 2003.

> FN1. United Food did not receive the letter from the EEOC because DuPree's charge with the EEOC was filed only against Allen Foods and not against United Food.

DuPree filed his complaint on October 6, 2003. On October 1, 2004 and October 4, 2004 Allen Foods

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  Page 2
Not Reported in F.Supp.2d, 2005 WL 41562 (D.Del.)
**(Cite as: 2005 WL 41562 (D.Del.))**

and United Food filed their respective motions for summary judgment. DuPree has not filed an answer to the defendants' motions, despite the court's November 29, 2004 Order requiring DuPree to file an answer brief by December 20, 2004. The court, therefore, will decide the defendants' motions for summary judgment on the present record.

III. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©; *see also Boyle v. County of Allegheny Pa*, 139 F.3d 386, 392 (3d Cir.1998). Thus, summary judgment is appropriate only if the moving party shows there are no genuine issues of material fact that would permit a reasonable jury to find for the non-moving party. *Boyle*, 139 F.3d at 192. A fact is material if it might affect the outcome of the suit. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). An issue is genuine if a reasonable jury could possibly find in favor of the non-moving party with regard to that issue. *Id.* In deciding the motion, the court must construe all facts and inferences in the light most favorable to the non-moving party. *Id.*; *see also Assaf v. Fields*, 178 F.3d 170, 173-74 (3d Cir.1999).

IV. DISCUSSION

*2 The defendants first move for summary judgment on the basis that DuPree's claim is untimely for failure to file within the prescribed statutory period. For the reasons that follow, the court agrees that the present suit is untimely.

A. Timeliness

Before bringing a discrimination claim in federal court pursuant to Title VII, the aggrieved party must file a charge of discrimination with the EEOC. If the Commission dismisses the charge, the aggrieved party may sue the employer directly within ninety days of the receipt of the EEOC notification of dismissal. 42 U.S.C. § 2000e-5(f)(1) (2003). This notification comprises a letter of determination ("Dismissal and Notice of Rights") informing the party of his or her right to sue and the ninety-day time period in which to file suit. 29 C.F.R. § 1601.19(a) (2003). When the receipt date of the right to sue letter is in dispute, and there is no evidence pertaining to when the letter was actually received, Rule 6(e) of the Federal Rules of Civil Procedure will control by invoking the presumption of receipt within three days of mailing. *Arots v. Salesianum Sch., Inc.*, No. 01-334 GMS, 2003 WL 21398017, at *2 (D.Del. June 17, 2003) (citing *Seitzinger v. Reading Hosp and Med Ctr*, 165 F.3d 236, 239 (3d Cir.1999)). Furthermore, without evidence regarding the plaintiff's receipt of the right to sue notice, any attempt to file suit even one day after the expiration of the ninety-day time period must result in dismissal. *Mosel v. Hills Department Store, Inc.*, 789 F.2d 251, 253 (3d Cir.1986) (citing cases); *see also Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (*per curiam*) ("Procedural requirements established by Congress for gaining access to federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.").

In this case, it is undisputed that the EEOC issued and mailed the Dismissal and Notice of Rights letter on June 10, 2003. The defendant received the letter on or about June 14, 2003. By contrast, DuPree maintains that he received the letter on July 7, 2003. Because he offers no evidence in support of this bare assertion, however, Rule 6(e), presuming receipt after three days from the mailing date, must be applied. Therefore, the presumed date of receipt is June 13, 2003, or three days after the mailing date of June 10, 2003. Because the present suit was filed 115 days after the presumed receipt of the right to sue letter, it is apparent that the action is untimely.

B. Equitable Tolling

Although not raised by the *pro se* plaintiff, the court will consider whether equitable tolling of the ninety-day statutory period is appropriate in this case. It is well-established that federal courts should

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                  Page 3

Not Reported in F.Supp.2d, 2005 WL 41562 (D.Del.)

**(Cite as: 2005 WL 41562 (D.Del.))**

invoke the equitable tolling doctrine 'only sparingly.' *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir.1999) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)). In the Third Circuit, equitable tolling may be appropriate in certain limited contexts: (1) if the defendant actively misled the plaintiff; (2) if the plaintiff was prevented, in some extraordinary way, from asserting his rights; (3) if the plaintiff timely asserted his rights mistakenly in the wrong forum; (4) if the claimant received inadequate notice of his right to file a suit; (5) if a motion for appointment of counsel is pending; or (6) if the court misled the plaintiff into believing that he had done everything required of him. *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir.1999). In addition, the court cannot even consider equitably tolling the statute of limitations unless the plaintiff exercised due diligence in pursuing his claim. *See, e.g., Baldwin*, 466 U.S. at 151; *cf Wilson v. Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir.1995) (stating that "we have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights") (internal citations and quotations omitted)

*3 Equitable tolling is particularly appropriate when the litigant is inexperienced and proceeding *pro se. Ricciardi v. Consolidated Rail Corp.*, No. CIV. A. 98-3420, 2000 WL 1456736, at *4 (E.D.Pa. Sept.29, 2000) (citing *Kocian v. Getty Refining & Marketing Co.*, 707 F.2d 748, 755 (3d Cir.1983)). Nonetheless, a plaintiff's *pro se* status does not, alone, justify the application of equitable principles to excuse the failure to meet procedural requirements. Indeed, "[a]lthough ... conformity with procedural rules should be viewed liberally when a litigant is acting *pro se*, the rules are not suspended simply because the litigant is unrepresented by counsel. The *pro se* complainant must exercise reasonableness and good faith in prosecution of his claims." *Carter v. Three Unknown Police Officers*, 112 F.R.D. 48, 52 (D.Del.1986); *see also McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

In this case, the record is void of any equitable considerations which would allow the court to toll the ninety day statute of limitations period. There is no evidence that DuPree encountered any undue hardship in filing the suit, or that any of the other considerations for equitable tolling are present. It also seems apparent from the record that DuPree did not exercise due diligence in pursuing his claims. For example, DuPree did not file an answer brief to the defendants' motions, despite the court's November 29, 2004 Order requiring him to file an answer brief by December 20, 2004. [FN2] Therefore, even though DuPree is a *pro se* plaintiff, tolling of the statutory guidelines is not warranted.

> FN2. Indeed, the court gave DuPree additional time in which to file an answer brief to the defendants' motions. DuPree's answer brief to Allen Foods' motion was originally due on October 15, 2004, and his answer brief to United Food's motion was originally due on October 18, 2004.

Thus, although he received adequate notice of his right to sue and the associated time constraint, the court concludes that DuPree failed to file suit within the prescribed statutory period, and he did not present evidence to warrant equitable tolling of the limitations period. As such, the defendants are entitled to summary judgment and present action must be dismissed. [FN3]

> FN3. The defendants have moved for summary judgment for additional reasons. However, since the court has found that the present case must be dismissed because DuPree's complaint is untimely, it need not address the defendants' additional arguments.

Not Reported in F.Supp.2d, 2005 WL 41562 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Page 4

Not Reported in F.Supp.2d, 2005 WL 41562 (D.Del.)

**(Cite as: 2005 WL 41562 (D.Del.))**

- 1:03CV00930 (Docket) (Oct. 06, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d                                                                                                    Page 1

Not Reported in F.Supp.2d, 2005 WL 751940 (D.Del.)

**(Cite as: 2005 WL 751940 (D.Del.))**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
George EVERETT, Plaintiff,
v.
HOSPITAL BILLING AND COLLECTION
SERVICE, LTD., et al., Defendants.
No. Civ.A. 04-049 JJF.

March 31, 2005.
William J. Rhodunda, Jr., Oberly, Jennings & Rhodunda, P.A., Wilmington, Delaware, for Plaintiff.

Gregory V. Varallo, Jennifer C. Jauffret, and Kelly A. Green, Richards, Layton & Finger, P.A., Wilmington, Delaware, for Defendants.

*MEMORANDUM OPINION*

FARNAN, J.

*1 Pending before the Court are Defendants' Motion To Dismiss (D.I.7) and Defendants' Motion To Strike Portions Of Plaintiff's Answering Brief, Or In The Alternative, For Leave To Take Discovery (D.I.12). For the reasons discussed, the Motion To Dismiss (D.I.7) will be granted in part and denied in part and the Motion To Strike (D.I.12) will be granted.

I. Background

On January 23, 2004, Plaintiff filed five-count complaint against his former employer, Hospital Billing and Collection Service, Ltd. ("Hospital Billing"), and two of its employees, President Jack T. Byrnes ("Byrnes") and Director of Information Services and Technology Victoria Ostrow ("Ostrow"). Plaintiff claims that Defendants violated the Americans With Disabilities Act (ADA), Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981. Plaintiff further alleges intentional infliction of emotional distress and conspiracy.

II. Legal Standard

A motion to dismiss tests the legal sufficiency of the complaint. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), courts "must accept as true the factual allegations in the [c]omplaint and all reasonable inferences that can be drawn therefrom." *Langford v. Atlantic City*, 235 F.3d 845, 847 (3d Cir.2000). A court will grant a motion to dismiss only when it appears that a plaintiff could prove no set of facts that would entitle him or her to relief. *Id.*

III. Discussion

*A. Release*

Defendants contend that the Court should dismiss Plaintiff's Complaint because Plaintiff knowingly and willingly executed a valid release in which he expressly waived his right to file any and all claims or causes of action arising from his employment or separation from employment against Defendants. In response, Plaintiff contends, first, that the release issue is improperly before the Court because the Complaint does not rely on the release. Further, Plaintiff contends that he signed the release under duress, and that the release lacked consideration because it decreased Plaintiff's benefits. In response, Defendants have filed a Motion To Strike Portions Of Plaintiff's Answering Brief, Or In The Alternative, For Leave To Take Discovery (D.I.12) asking the Court not to consider, in deciding the Motion to Dismiss, any allegations regarding the alleged release that were made for the first time in Plaintiff's Answering Brief and Affidavit.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                 Page 2
Not Reported in F.Supp.2d, 2005 WL 751940 (D.Del.)
**(Cite as: 2005 WL 751940 (D.Del.))**

As noted above, a motion to dismiss tests the legal sufficiency of the complaint. In this case, the alleged release was not attached to Plaintiff's Complaint, and therefore, the Court concludes that it cannot consider the release in assessing Defendants' motion to dismiss. For this reason, the Court will grant Defendants' Motion To Strike (D.I.12).

*B. Plaintiff's ADA Claim (Count I)*

Defendants contend that Plaintiff's ADA claim (Count I) should be dismissed in its entirety because Plaintiff failed to properly plead a "regarded as" claim. In response, Plaintiff contends that he was "regarded as" having a disability because he has a physical or mental impairment that does not substantially limit major life activities but was treated by Hospital Billing as having such a limitation.

*2 Accepting Plaintiff's factual allegations as true, the Court concludes that Plaintiff has properly pled a "regarded as" claim under the ADA.

*C. Plaintiff's ADA Claim (Count I) and Title VII Claim (Count II) regarding Defendants Byrnes and Ostrow*

Defendants Byrnes and Ostrow contend that Plaintiff cannot allege individual liability against Byrnes and Ostrow in Count I (ADA claim) and Count II (Title VII claim). In response, Plaintiff contends that Defendants were personally involved in his unlawful termination.

Individual employees cannot be held liable under Title VII or the ADA *See Sheridan v. E.I. DuPont de Nemours & Co.,* 100 F.3d 1061, 1077 (3d Cir.1996); *Emerson v. Thiel College,* 296 F.3d 184, 189 (3d Cir.2002). Thus, the Court will dismiss Plaintiff's claims against Byrnes and Ostrow pled in Counts I and II.

*D. Plaintiff's Section 1981 Claim (Count III) regarding Defendant Byrnes*

Defendant Byrnes contends that Count III must be dismissed because Plaintiff's Complaint does not allege that Byrnes committed any discriminatory acts. In response, Plaintiff contends that Byrnes, in his supervisory position, was involved in the scheme to wrongfully discharge Plaintiff. Plaintiff contends that Defendant Ostrow confirmed this allegation when stating to him, regarding the termination, "they made me do it." (D.I. 10 at 15.)

Based on Plaintiff's contested allegations, the Court concludes, at this juncture, that Plaintiff has sufficiently pled a claim against Byrnes.

*E. Plaintiff's IIED Claim (Count IV)*

Defendants contend that Plaintiff's intentional infliction of emotional distress ("IIED") claim (Count IV) is barred by the Delaware Worker's Compensation Act, which provides the exclusive remedy for employees injured at work. 19 Del. C. § 2304. Further, Defendants contend that Plaintiff failed to plead all the elements of IIED against all Defendants. In response, Plaintiff contends that the "personal dispute exception" of 19 Del. C. § 2301(15)(b) excludes coverage under the Worker's Compensation Act.

The personal dispute exception cited by Plaintiff applies to a "wilful act of another employee directed against the employee by reasons personal to such employee and not directed against the employee as an employee or because of the employee's employment." 19 Del. C. § 2301(15)(b). In making this determination,
> courts generally look to the time, place, and circumstances of the injury, with a focus on three factors: (1) the employee's act causing the injury was willful; (2) the injury must not have been directed against plaintiff as an employee or because of plaintiff's employment; and (3) the assault was directed against the plaintiff because of personal reasons.

*Lloyd v. Jefferson,* 53 F.Supp.2d 643, 690 (D.Del.1999).

Because the reasons for Everett's termination are fact-sensitive, the Court cannot, at this stage of the proceedings, conclude whether Everett was fired for

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                              Page 3
Not Reported in F.Supp.2d, 2005 WL 751940 (D.Del.)
**(Cite as: 2005 WL 751940 (D.Del.))**

non-personal reasons. Therefore, the Court will not dismiss Plaintiff's IIED claims against Byrnes and Ostrow on the basis of the exclusivity provision of the Delaware Worker's Compensation Act. The Court, however, will dismiss the IIED claim against Hospital Billing because the personal dispute exception applies only to fellow employees. Plaintiff's claim and remedy against Hospital Billing, therefore, can only be pursued pursuant to the Delaware Worker's Compensation Act.

*F. Plaintiff's Conspiracy Claim (Count V)*

**\*3** Defendants contend that Plaintiff's conspiracy claim (Count V) fails to plead the required elements of such a claim.

A civil conspiracy claim requires a plaintiff to allege "(1) [a] confederation or combination of two or more persons; (2)[a]n unlawful act done in furtherance of the conspiracy; and (3)[a]ctual damage." *Nicolet, Inc. v. Nutt*, 525 A.2d 146, 149-50 (Del.1987) (citations omitted).

The Court has reviewed the allegations of Count V in the Complaint and measured those allegations against the elements required to prove a civil conspiracy under Delaware law and concludes that Plaintiff's factual allegations are sufficient to survive Defendants' Motion To Dismiss.

IV. Conclusion

In sum, the Court will (1) grant in part and deny in part Defendants' Motion To Dismiss (D.I.7) and (2) grant Defendants' Motion To Strike Portions Of Plaintiff's Answering Brief, Or In The Alternative, For Leave To Take Discovery (D.I.12).

An appropriate Order will be entered.

*ORDER*
At Wilmington, this *31* day of March 2005, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED THAT:

1) Defendants' Motion To Dismiss (D.I.7) is *GRANTED* in part and *DENIED* in part, specifically:

a. Plaintiff's claims against Byrnes and Ostrow in Counts I and II are dismissed;

b. Plaintiff's IIED claim against Hospital Billing in Count IV is dismissed;

c. All remaining claims are not dismissed;

2) Defendants' Motion To Strike Portions Of Plaintiff's Answering Brief, Or In The Alternative, For Leave To Take Discovery (D.I.12) is *GRANTED*. The Court has not considered any of Plaintiff's allegations concerning Defendants' release contentions.

Not Reported in F.Supp.2d, 2005 WL 751940 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 1:04CV00049 (Docket) (Jan. 23, 2004)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF DELAWARE

GEORGE EVERETT,                 :
                                :
        Plaintiff,              :
                                :
    v.                          :   Civil Action No. 04-049 JJF
                                :
HOSPITAL BILLING AND            :
COLLECTION SERVICE, LTD.,       :
et al.,                         :
                                :
        Defendants.             :
```

## RULE 16 SCHEDULING ORDER

I have resolved several preliminary motions filed by Defendants. In Defendants' motions, the issue of a purported release executed by Plaintiff was raised as potentially dispositive of claims asserted by Plaintiff.

Because it appears that the release issues should be resolved prior to the commencement of full discovery, I will set a schedule that allows resolution of the release issue expeditiously.

NOW THEREFORE, IT IS HEREBY ORDERED that:

I. **Release Issue Discovery**

a) All discovery, fact and expert, shall be initiated and completed by **Thursday, June 2, 2005;**

b) Each side is limited to:

    1) ten (10) interrogatories;

    2) three (3) depositions;

    3) ten (10) requests for admission;

c) Document Production shall be completed by **Tuesday, May**

10, 2005;

d) Issue Dispositive motions shall be filed within ten (10) days of the completion of discovery.

II. **Full Discovery**

a) All discovery, fact and expert, shall be initiated and completed by **September 16, 2005**;

b) Each side is limited to:

    1) fifteen (15) interrogatories;

    2) five (5) depositions;

    3) fifteen (15) requests for admission;

c) Document Production shall be completed by **Monday, June 27, 2005**;

d) Case dispositive motions shall be filed within twenty (20) days of the completion of discovery;

e) A Pretrial Conference will be held on **Thursday, December 1, 2005**. Trial will be scheduled at the Pretrial Conference. Counsel shall be available to try this case within ninety (90) days of the Pretrial Conference.

March 31, 2005
DATE

UNITED STATES DISTRICT JUDGE