IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FELICIA BYERS,                          )
                                        )
                Plaintiff,              )        C.A. No.: 05-711 (GMS)
                                        )
        v.                              )
                                        )        Trial By Jury Demanded
HOUSEHOLD FINANCE CORPORATION,          )
HOUSEHOLD INTERNATIONAL, INC., AND      )
OR HOUSEHOLD PAYROLL SERVICES, INC.,    )
Delaware Corporations,                  )
                                        )
                Defendant,              )

## PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION
## TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GARY W. ABER (DSB # 754)
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE 19899
(302) 472-7900
Attorney for Plaintiff

DATED: January 6, 2006

# TABLE OF CONTENTS

                                                                  **Page No.**

Alexander v. Whitman
        114 F.3d 1392, 1397 (3d Cir. 1997)                              9

Arots v. Salesianum School, Inc.
        2003 WL 21398017 (D.Del. 2003)                                  14

Ayers v. Board of Parole and Prison Supervision
        97 P.3d 1 (2004)                                                13

Dupree v. United Food & Commercial Workers Union
        2005 WL 41562 (D.Del. 2005)                                     14

Ebbert v. Diamler Chrysler Corporation
        319 F.3d 103, 108 (3rd Cir. 2003)                              10

Fredrich v. U.S. Computer Service
        974 F.2d 409, 418 (3d Cir. 1992)                               13

Haines v. Kerner
        404 U.S. 519, 521, 92 S.Ct. 594                                 9
        30 L.Ed.2d 652 (1972)

In Re: Burlington Coat Factor Sec. Litigation
        114 F.3d 1410, 1420 (3d Cir. 1997)                              9

In Re: Cendant Corp. Prides Litigation
        311 F.3d 298, 304 (3d Cir. 2003)                              11, 15

In Re:  The Yoder Co.,
        758 F.2d 1114, 1118 (6th Cir. 1985)                          11

Kehr Packages, Inc. v. Fidel Core, Inc.
        926 F.2d 1406, 1409 (3d Cir. 1991)                              9

Lussenhop v. Clinton County, N.Y.
        378 F.Supp.2d 63 (N.D.N.Y. 2005)                               13

McKenna v. Pacific Rail Service
        32 F.3d 320 (3d Cir. 1994)                                     10

Montgomery v. Pinkertons, Inc.
        2005 WL 885511 (N.D.Cal. 2005)                                 12

Rosenthal v. Walker
    111 U.S. 185, 193-94 (1884)                                             12

Seitzinger v. Reading Hospital & Med. Ctr.
    165 F.3d 236, 239 (3d Cir. 1999)                                     10

Sheridan v. E.I. DuPont De Nemours & Co.
    100 F.3d 1061, 1079 (3d Cir. 1994)                                  10

Spencer v. James H. Clark & Sons, Inc.
    2004 WL 2921813 (D.Utah 2004)                                     12

St. Mary's Honor Center v. Hicks
    509 U.S. 502, 507, 113 S.Ct. 2742
    125 L.Ed.2d 407 (1993)                                            10

Trump Hotels and Casino Resorts v. Mirage Resorts, Inc.
    140 F.3d 478, 483 (3d Cir. 1998)                                     9

Trustess of Local Union No. 927 Pension Fund v. Perfect Parking, Inc.
    126 F.R.D. 48, 53 (N.D.Ill 1989)                                     13

United Postal Services v. National Rural Letter Carriers Association
    535 F.Supp. 1034, 1036 (D.Ohio 1982)                              13

Whitt v. Roadway Express
    136 F.3d 1424 (10th Cir. 1998)                                      12

## <u>NATURE AND STAGE OF THE PROCEEDINGS</u>

This is an action brought pursuant to the provisions of 42 <u>U.S.C.</u> §2000e-2, Title VII of the Civil Rights Act of 1964.  The complaint alleges, and it remains unchallenged, that the jurisdiction of this Court is properly invoked and venue is appropriate.

Suit in this matter was filed in this Court on October 29, 2005, and the defendant subsequently filed a motion to dismiss (Dk-4), without specifying under what rule the motion was based, on the grounds that the suit was untimely filed.

The defendant has filed an opening brief, and this is the plaintiff's answering brief in opposition to defendant's motion.

## STATEMENT OF FACTS[1]

The plaintiff in this matter, Felicia Byers (hereinafter referred to as "Byers") was a female employee of the defendant, Household Finance Corporation (Complaint ¶1, 2 and 3). The plaintiff began working for the defendant on June 10, 2001 as a Senior Account Executive. (Complaint ¶11).   Beginning in September 2003 the plaintiff began working for a new supervisor, who assumed he position as the plaintiff's branch manager (Complaint ¶4).  When the new branch manager assumed the position, the plaintiff was working from her home while on medical leave (Complaint ¶14), and during various telephone conversations, the manager would make obscene remarks (Complaint ¶15) to the plaintiff.

In October 2003 the plaintiff returned to work, and on October 9, 2003 the plaintiff was working late when the supervisor, after changing his clothes in the lobby, rather than using a private room stated to the plaintiff that she was "...lucky my pants aren't down because if they were, I would have you limping out of her." (Complaint ¶16).

On the next day, on October 10, 2003 the supervisor approached the plaintiff from the rear and began massaging her shoulders (Complaint ¶17), and October 21, 2003 the supervisor spoke with the plaintiff about the shape of the anatomy of fellow workers (Complaint ¶18). Subsequently, on October 23, 2003, the plaintiff was instructed by the new supervisor to conduct a telephone conversation with the supervisor's friend in order to sexually arouse him (Complaint ¶19).  On October 25, 2003 the supervisor would discuss with the plaintiff her planned sexual activities (Complaint ¶20).  On October 25, 2003 the supervisor attempted to divert the plaintiff from a work related seminar requesting that she expose herself to him (Complaint ¶21).

---

[1] These facts are drawn from the complaint which, at this stage, under a motion to dismiss, as will be explained in Argument I, must be accepted as true.

The defendant knew from a past history that the supervisor had a pattern of behavior of inappropriate sexual requests, but took no steps to prevent inappropriate conduct by him in the presence of the defendant (Complaint ¶23 and 24).

The conduct of the supervisor culminated in late October 2003, when he physically threatened the plaintiff if she did not comply with his sexual requests (Complaint ¶24). The actions of the supervisor have caused the plaintiff, in October 2003, to go on medical leave, where she remains today. (Complaint ¶25)

The plaintiff filed a timely charge of sexual discrimination and harassment with the Delaware Department of Labor and a simultaneous filing with the Equal Employment Opportunity Commission on or about October 5, 2003 (Complaint ¶7). Subsequently, a "Dismissal and Notice of Rights" document was prepared by the Equal Employment Opportunity Commission on October 4, 2005. However, while that "Dismissal and Notice of Rights" may have been placed in the mail by the EEOC, during that period of time, in April 2005, the U.S. Postal Delivery Service for the area where the plaintiff's residence is located, was experiencing irregular erratic delivery of mail, and in some cases, failure to deliver mail (See Affidavits of: Felicia Byers I, as to letter of Robert H. Essick, Postmaster for Middletown, Delaware Post Office, Exhibit No.1, attached hereto; Addie J. Bass, Exhibit No.2, attached hereto, Felicia Byers, II Exhibit No.3, attached hereto; Celeste Delpoplo, Exhibit No.4, attached hereto; Tracie Stanley Exhibit No.5, attached hereto; and Shelley L. Wise, attached hereto as Exhibit No.6).[2]

As a result of the irregularities in the mail service for the Middletown, Delaware area, the plaintiff did not receive a copy of the "Dismissal and Notice of Rights" letter until her attorney

---

[2] These affidavits indicate, among other things, mail has been misdirected between the people on Harvest Lane, in Middletown, Delaware (Affidavit of Addie Bass) some mail has never been delivered (Affidavit of Shelley L. Wise); mail has been received for individuals who have never lived at the address where it was delivered (Affidavit of Celeste Delpoplo); and on occasions, mail is delivered in a mutilated condition (Affidavit of Tracie Stanley).

made inquiry to the EEOC on July 20, 2005 and received a copy from them at approximately that time (Complaint ¶9; Byers Aff'd, attached hereto as Exhibit No. 3; and Gary W. Aber, attached hereto as Exhibit No.7).

This instant suit was brought on September 29, 2005 within 90 days of the plaintiff's first receipt of the "Dismissal and Notice of Rights" letter.

## ARGUMENT

### I.    THE APPLICABLE STANDARD FOR A DEFENDANT'S MOTION TO DISMISS

On a defendant's motion to dismiss, the Court is required to accept as true all the material allegations in the complaint. <u>Trump Hotels and Casino Resorts, Inc. v. Mirage Resorts, Inc.</u>, 140 F.3d 478, 483 (3d Cir. 1998). The Complaint should be dismissed only if, after accepting as true all the facts alleged in the complaint, and, reviewing all reasonable inferences, in favor of the plaintiff, the Court could not grant relief under any set of facts consistent with the allegations of the complaint. <u>Id.</u> In order to grant a motion to dismiss, the Court must determine that the moving party is entitled to no relief under any reasonable reading of the pleadings, assuming the truth of all the factual allegations in the complaint. <u>Alexander v. Whitman</u>, 114 F.3d 1392, 1397 (3d Cir. 1997).

A court may dismiss a complaint only where the movant can establish beyond a doubt that the plaintiff can prove no set of facts upon which it is entitled to relief. <u>Haines v. Kerner</u>, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The party seeking the dismissal, that is the moving party, at all times has the burden of persuasion. <u>Kehr Packages, Inc. v. Fidel Core, Inc.</u>, 926 F.2d 1406, 1409 (3d Cir. 1991).

The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence in support of the claims. <u>In Re: Burlington Coat Factory Sec. Litigation</u>, 114 F.3d 1410, 1420 (3d Cir. 1997).

## II. THE PLAINTIFF HAS REBUTTED ANY PRESUMPTION THAT SHE RECEIVED THE EEOC'S "NOTICE OF DISMISSAL OF RIGHTS" LETTER.

The defendant correctly states that in litigation under 42 U.S.C. §2000e, Title VII, the plaintiff is obligated to file their complaint within ninety (90) days of the happening of two events, first a dismissal by the EEOC followed by the giving of notice by the EEOC to the charging party, here the plaintiff. Ebbert v. Diamler Chrysler Corporation, 319 F.3d 103, 108 (3d Cir. 2003). It is also true that customarily the notice of the dismissal is achieved by the EEOC issuing to the charging party a "Right to Sue Letter" from the agency, Seitzinger v. Reading Hospital & Med. Ctr. , 165 F.3d 236, 239 (3d Cir. 1999). However, the burden of establishing the charging party, plaintiff's receipt of the notice of dismissal, sent by the EEOC, rests at all times solely on the employer/defendant. Ebbert, supra, at p. 108.

In the present case, the defendant attempts to satisfy its burden of proving that the plaintiff received notice of the dismissal by utilizing the "rebuttable presumption" under F.R.C.P. 6(e), that a mailed notice arrives within three (3) days of its having been placed in the mailing system. Ebbert, supra, at n.5.   However, as the authority relied upon by the defendant, agency Seitzinger v. Reading Hospital & Med. Ctr. , supra, states, the effect of Rule 6(e) is only to create a presumption. Seitzinger, supra, at p. 239.[3]

In order for the defendant to create the presumption under Rule 6(e), the only evidence it relies upon is the fact that the "Dismissal and Notice of Rights" letter written by the EEOC on April 4, 2005 has the date noted above the parenthetical notation "(Date Mailed)". Based upon

---

[3] Of course, the inference created by the Rule 6(e) presumption is just that, only a presumption, and imposes upon the plaintiff here, only the burden of going forward with evidence to rebut the presumption. It does not shift to the plaintiff the burden of proof in any sense. Rule 301, Federal Rules of Evidence;  St. Mary's Honor Center v. Hicks, 509 U.S. 502, 507, 113 S.Ct. 2742; 125 L.Ed.2d 407 (1993); McKenna v. Pacific Rail Service, 32 F.3d 320 (3d Cir. 1994). For a more in-depth discussion of the application of Rule 301 and its history, See: Sheridan v. E.I. DuPont De Nemours & Co., 100 F.3d 1061, 1079 (3d Cir. 1996) (Alito, J., Concurring in part and dissenting in part).

that single fact, the defendant assumes this Court can reach the presumption that the notice was put in the mail and sent to the plaintiff. As stated above, the presumption created by Rule 6(e) does not place the burden of proof upon the plaintiff, but should at all times remain with the defendant. Rule 301 F.R.E., but rather places upon the plaintiff only has the burden of producing evidence to rebut the presumption. Id.

In this case, the presumption created by Rule 6(e) is rebutted by the plaintiff's sworn denial in her affidavit (Exhibit No.3, attached hereto).  As the Third Circuit Court of Appeals has recognized, the presumption that mail properly addressed and deposited in the mail is delivered and received is merely a rebuttable presumption.  In Re: Cendant Corp. Prides Litigation, 311 F.3d  298, 304 (3d Cir. 2003).  As the Court there stated:

> "Although the presumption of mailing rests on the dependability of the U.S. Postal Services, human experience has shown that that reliance has not always been justified". In Re: Cendant Corp. Prides Litigation, supra, at 304.

The Third Circuit Court then went on to recognize that some Courts have recognized that testimony alone, denying receipt, is sufficient to rebut the presumption. Id., citing In Re: The Yoder Co, 758 F.2d 1114, 1118 (6th Cir. 1985).

In this case the sworn affidavit of the plaintiff, Felicia Byers, meets the test under Cendent, to deny the actual receipt.  In addition, the plaintiff has proffered affidavits of not only her neighbors, who live in the area to show that mail service to that area during the applicable time was erratic, but an affidavit from the postmaster for her area showing that there was a specific mail carrier that was noted as not regularly delivering mail as addressed.  These facts provide three separate and distinct basis upon which this Court can find there is reasonable grounds to acknowledge that the plaintiff may not have received the notice from the EEOC, placed in the regular U.S. Mail.

11

A similar situation was recognized in <u>Whitt v. Roadway Express</u>, 136 F.3d 1424 (10th Cir. 1998).   There, an employee brought suit against his employer and his union, asserting, among other claims, violations under Title VII.   The EEOC had sent two right to sue letters dated January 27, and January 28, one for the employer and one for the union.   The plaintiff acknowledged receiving the right to sue letter as to the employer in early February 1994, but denied receiving a right to sue letter with regards to his union until the following November. The defendant union raised the presumption that mail placed in the care of the post office was delivered within five (5) days.   There, the Court acknowledged that placing a letter in the mail creates only a rebuttable presumption of its receipt:

> "Because the presumption is rebuttable, however, evidence denying
> denying receipt creates a credibility issue that must be resolved by the
> trier of fact. See <u>Rosenthal v. Walker</u>, 111 U.S. 185, 193-94 (1884)."
> <u>Whitt v. Roadway Express</u>, supra, at p. 1430.

The Court ruled that in light of the plaintiff's affidavit that he had not received the right to sue letter as to his claim against the union, until mid November, it had been error for the trial Court to ignore the affidavit and to dismiss the case as untimely.

Similar issues of fact have been recognized in <u>Spencer v. James H. Clark & Sons, Inc.</u>, 2004 WL 2921813 (D.Utah 2004)(Attached as Exhibit No.8), where the Court stated that an issue of fact was created, precluding the granting of defendant's motion to dismiss, where the plaintiff, by affidavit, contested the date of actual receipt of the EEOC Right to Sue Letter. There, the Court found that an affidavit denying receipt rebutted the presumption that a letter placed in the mail was received.   Similarly, in <u>Montgomery v. Pinkertons, Inc.</u>, 2005 WL 885511 (N.D.Cal. 2005)(Attached as Exhibit No.9), the Court held that summary judgment must be denied where the issue was of the timeliness of a lawsuit, based upon the receipt of a letter, where the suit was being brought under the Labor Management Relations Act.   In that case, the issue was whether or not the suit had been in a timely fashion, within the required six-month

period following receipt of the notice of the union's refusal to take a matter to grievance. The Court held that there was an issue of fact created by the declaration of the plaintiff/recipient that he had not received the letter on the date alleged.

It is suggested that the plaintiff's submission of three distinctive and separate types of evidence is sufficient to rebut any presumption suggested by the defendant. First, is the plaintiff's own sworn affidavit that she did not receive the notice from the EEOC. Secondly, is the sworn testimony of the postmaster for the Middletown, Delaware area as to the irregularities in the postal service during the relevant period of time. Thirdly, you have the various sworn affidavits of the residents of the Middletown, Delaware area, the neighbors of the plaintiff, who all attest to the fact of the irregular and erratic mail service.

The sometimes questionable reliability of the U.S. mail service has been judicially recognized by several courts. Lussenhop v. Clinton County, N.Y., 378 F.Supp.2d 63 (N.D.N.Y. 2005)(acknowledging that while regular U.S. mail can be unreliable, due process was met when a certified letter was shown to have been attempted to be delivered at a correct address); Ayres v. Board of Parole and Prison Supervision, 97 P.3d 1 (2004)(admitting that delivery of mail had been unpredictable); Fredrich v. U.S. Computer Service, 974 F.2d 409, 418 (3d Cir. 1992)(recognizing the unpredictability of the U.S. mail); Trustees of Local Union No. 927 Pension Fund v. Perfect Parking, Inc., 126 F.R.D. 48, 53 (N.D.Ill. 1989)(recognizing that the "...mails may be unreliable..." but finding inconsistencies and ambiguities); United Postal Services v. National Rural Letter Carriers Association, 535 F.Supp. 1034, 1036 (D.Ohio 1982)(noting that mail delivery was erratic); 4 B Wright & Miller Federal Practices and Procedures, §1171 (recognizing the realities of the United States mail service in that the Rule 6(e) presumption might be "highly optimistic").

The present case is easily distinguishable from the authorities relied upon by the defendant, Arots v. Salesianum School, Inc., 2003 WL 21398017 (D.Del. 2003); Dupree v. United Food & Commercial Workers Union, 2005 WL 41562 (D.Del. 2005)(both contained in Exhibit "B" of Defendant's Brief). In both of those cases, the Courts noted a lack of evidence submitted by the plaintiff in support of the contention that the plaintiff did not receive the notice from the EEOC, Arots, supra, at p. 2 (stating that the plaintiff offered no evidences other than a bare assertion as to the date he received the letter), and Dupree, supra. at p. 2 (also noting the plaintiff had offered no evidence in support of his bare assertion as to the date of receipt). By contrast, in the present situation the plaintiff offers evidence indicating there are circumstances that can substantiate her claim that mail service was so erratic and undependable in the Middletown, Delaware area, that there is a reasonable likelihood that in fact the mail was either misdirected or not delivered for other reasons, including the malfeasance of a particular letter carrier.

Accordingly, the plaintiff has here, presented evidence to rebut the presumption created by Rule 6(e). In the face of such evidence there is a factual dispute, which must be left to the trier of fact to resolve, and must not permit the dismissal of this action at the request of the defendant.

### III.    THE INSTANT CASE SHOULD NOT PROCEED AS
### "PIECEMEAL LITIGATION"

The defendant in its brief, apparently anticipated the argument supported by the rule of In Re: Cendent Corporate Prides Litigation, 311 F.3d 298, 304 (3d Cir. 2003), accepting the position that the placing of the "Right to Sue Letter" in the mail creates only a rebuttable presumption, and that the plaintiff would be able to present evidence rebutting the presumption. The defendant's fall back position is that it should be allowed to take whatever discovery it feels necessary to prove when the plaintiff received the notice from the EEOC.

That suggested course, by the defendant, is inappropriate for two reasons.  First, no amount of discovery that the defendant can take could establish a non-happening.  That is, this is not a case where there is a dispute as to when the plaintiff received the EEOC notice. Rather the issue is whether or not the plaintiff ever received it.  It is the plaintiff's position, supported not only by her own sworn affidavit, but by her postmaster and neighbors, that she might well never have received the EEOC notice.  In addition, but for the fact that plaintiff's attorney wrote to the EEOC in July 2005 requesting the status of this matter, after asking the EEOC to notify him in February 2005 the plaintiff's attorney might never have known of the issuance of the "Right to Sue Letter".  Thus, no deposition of the plaintiff would reveal her receipt of a "Right to Sue Letter" and no evidence could be derived to challenge the plaintiff's denial. Secondly, since under Rule 301 F.R.E. the mailing of the Right to Sue Letter by the EEOC creates only a rebuttable presumption, and issues of fact have now been presented, which now need to be resolved by the trier of fact, the defense left to the defendant, like any other defense and should be treated in the normal course of litigation.

The only basis for allowing further discovery in this matter, it is submitted, that if the Court had any doubts as to the validity of the letter from Robert Essick, the postmaster of Middletown, Delaware, as attached to Felicia Byers Affidavit, I, then the defendant should be

15

given the opportunity to depose Mr. Essick, as required, in the presence of attorneys of the United States Postal Service.

## **CONCLUSION**

For the reasons stated herein, the Defendant's Motion to Dismiss should be denied.


Respectfully Submitted,


_____
Gary W. Aber (DSB #754)
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE  19899
(302) 472-4900
Attorney for Plaintiff

DATED:  January 6, 2006

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FELICIA BYERS,                          )
                                        )
          Plaintiff,                    )          C.A. No.: 05-711 (GMS)
                                        )
     v.                                 )
                                        )          Trial By Jury Demanded
HOUSEHOLD FINANCE CORPORATION,          )
HOUSEHOLD INTERNATIONAL, INC., AND      )
OR HOUSEHOLD PAYROLL SERVICES, INC.,    )
Delaware Corporations,                  )
                                        )
          Defendant,                    )

**AFFIDAVIT OF FELICIA T. BYERS, I (As to Letter of Robert H. Essick)**

STATE OF                    )
                            ) SS.
COUNTY OF                   )

I, Felicia T. Byers, being duly sworn do depose and say as follows:

1.      After being notified by my attorney in late July 2005, that the EEOC had prepared a
"Notice of Dismissal and Rights" letter on April 4, 2005 and the EEOC represented that it had been
sent to her, she became concerned and made inquiries with her local post office.

2.      Attached hereto as Exhibit "A" is a letter she received from Robert H. Essick,
Postmaster, Middletown, Delaware 19709, dated September 8, 2005.

3.      She attempted to obtain an executed affidavit from Mr. Essick authenticating the
attached letter and its contents, but, he was out on disability following surgery.

4.      When he was finally contacted on or about January 5, 2006 he stated that he could
not execute an affidavit without approval of post office superiors, but would submit to a deposition.

_____
                        Felicia T. Byers

SWORN TO AND SUBSCRIBED before me, a Notary Public, of the State and County

aforesaid, this ⎽6⎽ day of ⎽√ANUARY⎽, 2006 .

_____

NOTARY PUBLIC

Gary W. Aber, Esquire
Notarial Officer of
The State of Delaware
29 DEL.C § 44323

# EXHIBIT A

**UNITED STATES**
**POSTAL SERVICE**

September 8, 2005

Felicia Byers
488 W Harvest lane
Middletown, De 19709

Dear Ma'am,

As we discussed the other day mail the only mail that we are able to track in our system are Express, Registered, Delivery Conformation, insured and Certified mail items that have numbers assigned that can be tracked. Most court documents are sent certified mail since we notify the customer three times that it is available for signature before it is returned and we initial that it has been attempted all three times before return. Without this there is no proof that the mail was ever placed into the mail stream.

Mail sometimes is damaged in handling and if traceable sent forward to the person or returned to the sender. If it is not traceable it is sent to the dead letter office in Atlanta. We did have some problems in your area with one carrier who did not delivery to the right addresses. This person was terminated and I cannot determine if this happened but usually we get this mail back and then delivered.

If you have any questions concerning this or any issue please feel free to contact me at 302-378-9585.

Regards,

Robert H Essick
Postmaster
Middletown DE 19709

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FELICIA BYERS,          )

                   )

      Plaintiff,    )     C.A. No.: 05-711 (GMS)

                   )

     v.        )

                   )     Trial By Jury Demanded

HOUSEHOLD FINANCE CORPORATION,   )

HOUSEHOLD INTERNATIONAL, INC., AND  )

OR HOUSEHOLD PAYROLL SERVICES, INC., )

Delaware Corporations,     )

                   )

      Defendant,    )

**AFFIDAVIT OF ADDIE J. BASS**

STATE OF       )

               ) SS.

COUNTY OF     )

I, Addie J. Bass,  being duly sworn do depose and say as follows:

1.    I am the individual that wrote the letter that is attached hereto as Exhibit No. 1.

2.    I reside at 470 W. Harvest Lane, Middletown, Delaware 19709

3.    The facts as related in Exhibit No. 1 are true and correct to the best of my knowledge

and belief.



LINDA CORNER
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires April 12, 2008

_Addie J. Bass_
Addie J. Bass

SWORN TO AND SUBSCRIBED before me, a Notary Public, of the State and County

aforesaid, this 3 1 day of  Dec. , 2005.

_Linda Corner_
NOTARY PUBLIC

August 31, 2005

Re:  Mail Problems

To Whom It May Concern:

My name is Addie J. Bass.  My address is 470 West Harvest Lane, Middletown, DE 19709.  As a resident of Middletown Village, I have received on numerous occasions mail addressed to my neighbors. Also on occasion my neighbors have received mail addressed to me.  Although I know these instances are honest mistakes, it has been happening more frequently in the last few months.

Some addresses I have received mail for are:  472, 468, and 404 West Harvest Lane, Middletown, DE 19709.  My husband and I are the first and only owners of our home with this address.  Constantly we are receiving mail for a person by the name of Michael England, with our address. These are personal bank documents which appear to have sensitive information enclosed.  In June of 2005, I received school documents for a student who lives on my street.  I have returned the incorrect mail to our local post office, on a number of occasions, and was assured each time that the problems would be corrected. Currently we are still having the same problems.

Sincerely,

Addie J. Bass

*Addie J Bass*

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FELICIA BYERS, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 05-711 (GMS) |
| | ) | |
| v. | ) | |
| | ) | Trial By Jury Demanded |
| HOUSEHOLD FINANCE CORPORATION, | ) | |
| HOUSEHOLD INTERNATIONAL, INC., AND | ) | |
| OR HOUSEHOLD PAYROLL SERVICES, INC., | ) | |
| Delaware Corporations, | ) | |
| | ) | |
| Defendant, | ) | |

**AFFIDAVIT OF FELICIA T. BYERS**

STATE OF                     )
                             ) SS.
COUNTY OF                    )

I, Felicia T. Byers, being duly sworn do depose and say as follows:

1.      I am the plaintiff in the above-captioned matter.

2.      I reside at 488 W. Harvest Lane, Middletown, Delaware 19709.

3.      The first notice that I had concerning the EEOC's issuing of a "Notice of Right to Sue Letter" was when I received a copy from my attorney, by a letter dated July 20, 2005.

4.      I never received any correspondence from the EEOC during April 2005 and/or between April 2005 and July 20, 2005, the date I received a copy of the "Notice of Right to Sue Letter" from my attorney.

5.      On numerous occasions in the past years, I have received letters that were addressed to my neighbors, including letters addressed to 486 W. Harvest Lane, 490 W. Harvest Lane, and 448 W. Harvest Lane, as well as mail addressed to 488 Dutch Neck Road.

_____
Felicia T. Byers

SWORN TO AND SUBSCRIBED before me, a Notary Public, of the State and County

aforesaid, this 4 day of January , 2006 .

_____

NOTARY PUBLIC

ALEXANDER CURTIS
Notary Public - State of Delaware
My Comm. Expires Feb. 22, 2007

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FELICIA BYERS,               )
                                 )

         Plaintiff,        )     C.A. No.: 05-711 (GMS)
                                 )

     v.                     )
                                 )     Trial By Jury Demanded

HOUSEHOLD FINANCE CORPORATION,   )
HOUSEHOLD INTERNATIONAL, INC., AND   )
OR HOUSEHOLD PAYROLL SERVICES, INC.,  )
Delaware Corporations,            )
                                 )

        Defendant,    )

## AFFIDAVIT OF CELESTE DELPOPLO

STATE OF             )
                      ) SS.
COUNTY OF          )

I, Celeste DelPoplo, being duly sworn do depose and say as follows:

1.    I am the individual that wrote the letter that is attached hereto as Exhibit No. 1.

2.    I reside at 164 Wellington Way, Middletown, Delaware 19709.

3.    The facts as related in Exhibit No. 1 are true and correct to the best of my knowledge and belief.

                                 _____
                                 Celeste DelPoplo

SWORN TO AND SUBSCRIBED before me, a Notary Public, of the State and County aforesaid, this 5 day of January, 2006.

                                 _____
                                 NOTARY PUBLIC

```
Tanganyika Samuels
NOTARY PUBLIC
State of Delaware
My Commission Expires March 9, 2007
```

Sept 2, 05

To whom it may concern,

I have lived here in Middletown for a year and a half. I still recieve letters from the previos. owners. I also recieve letters from people that have never lived here. I also get Fedex letters that a friend of mine sequed here and I didn't even know who the people where. I don't think Middletown post office can handle all the new houses that have been built here

I live at
164 wellington Way
middletown DE 19709
in Grand veiw farms

3023760616    Christ DelPopolo

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FELICIA BYERS,                                    )
                                                 )
                    Plaintiff,                   )        C.A. No.: 05-711 (GMS)
                                                 )
        v.                                       )
                                                 )        Trial By Jury Demanded
HOUSEHOLD FINANCE CORPORATION,                   )
HOUSEHOLD INTERNATIONAL, INC., AND               )
OR HOUSEHOLD PAYROLL SERVICES, INC.,             )
Delaware Corporations,                           )
                                                 )
                    Defendant,                   )

**AFFIDAVIT OF TRACIE STANLEY**

STATE OF                        )
                                ) SS.
COUNTY OF                       )

I, Tracie Stanley,  being duly sworn do depose and say as follows:

1.      I am the individual that wrote the letter that is attached hereto as Exhibit No. 1.

2.      I reside at 536 N. Ramunno Drive, Middletown, Delaware 19709

3.      The facts as related in Exhibit No. 1 are true and correct to the best of my knowledge

and belief.


                                        _Tracie Dixon-Stanley_
                                        Tracie Stanley


SWORN TO AND SUBSCRIBED before me, a Notary Public, of the State and County

aforesaid, this 30 day of ___DEC___,200 5


                                        _____
                                        NOTARY PUBLIC

                                        ERI LEWAN
                                Notary Public - State of Delaware
                                My Comm. Expires Aug. 26, 2007

PREPARED BY

DATE

August 29, 2005

To Whom It May Concern:

My name is Iraive Stanley and I am a resident of Middletown Village. For over the past four years there have been numerous occasions where I have received my neighbors' mail, on either side of me, and I have even received mail addressed to me weeks after a postmarked date. Most recently I received a piece of mail that had been torn and mutilated but it was redelivered to me inside of a plastic bag enclosed with a standard postal damage letter). If you have further questions regarding this matter, please call me at 376-9277.

Sincerely,
Iraive Stanley
Middletown Village
536 N. Ramunno Drive
Middletown, DE 19709

EXECUTIVE® 28

# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FELICIA BYERS,                              )
                                           )
            Plaintiff,                     )        C.A. No.: 05-711 (GMS)
                                           )
      v.                                   )
                                           )        Trial By Jury Demanded
HOUSEHOLD FINANCE CORPORATION,             )
HOUSEHOLD INTERNATIONAL, INC., AND         )
OR HOUSEHOLD PAYROLL SERVICES, INC.,       )
Delaware Corporations,                     )
                                           )
            Defendant,                     )

### AFFIDAVIT OF SHELLEY L. WISE

STATE OF                    )
                            ) SS.
COUNTY OF                   )

I, Shelley L. Wise, being duly sworn do depose and say as follows:

1.    I am the individual that wrote the letter that is attached hereto as Exhibit No. 1.

2.    I reside at 486 W. Harvest Lane, Middletown, Delaware 19709

3.    The facts as related in Exhibit No. 1 are true and correct to the best of my knowledge

and belief.

_____
Shelley L. Wise

SWORN TO AND SUBSCRIBED before me, a Notary Public, of the State and County

aforesaid, this 5th day of January 2006

_____
NOTARY PUBLIC
                                    NANCY E. PFLUMM
                                    NOTARY PUBLIC OF DELAWARE
                                    My Commission Expires April 20, 2006

August 27, 2005


To Whom It May Concern:

I have occasionally had problems receiving my mail.  Pieces have either not been delivered at all, or they have been delivered to the wrong house.


Shelley L. Wise
486 West Harvest Lane

# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FELICIA BYERS, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 05-711 (GMS) |
| | ) | |
| v. | ) | |
| | ) | Trial By Jury Demanded |
| HOUSEHOLD FINANCE CORPORATION, | ) | |
| HOUSEHOLD INTERNATIONAL, INC., AND | ) | |
| OR HOUSEHOLD PAYROLL SERVICES, INC., | ) | |
| Delaware Corporations, | ) | |
| | ) | |
| Defendant, | ) | |

**AFFIDAVIT OF GARY W. ABER**

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) SS. |
| COUNTY OF NEW CASTLE | ) |

I, Gary W. Aber, being duly sworn do depose and say as follows:

1.     He is an attorney who represents the plaintiff in the above-captioned matter.

2.     Following an initial review of this matter by the Delaware Department of Labor, this matter was forwarded to the Equal Employment Opportunity Commission.

3.     On February 10, 2005, I wrote to the Equal Employment Opportunity Commission advising then of my representation of the plaintiff and asked to be kept informed as to the status of the EEOC's review (See Exhibit "A" attached hereto).

4.     On July 14, 2005, not having heard from the Equal Employment Opportunity Commission, I again wrote to the EEOC asking to know the status, and, in the alternative asking that a "Right to Sue Letter" be issued.

5.     On July 20, 2005, the Equal Employment Opportunity Commission responded to my letter of July 14, 2005 notifying me for the first time that they had issued a "Dismissal and Notice of Rights" letter directly to Ms. Byers on April 4, 2005 (See Exhibit "B" attached hereto).

6.     The first notice that I received that the Equal Employment Opportunity Commission had issued its "Dismissal and Notice of Rights" letter was the correspondence directed to me dated July 20, 2005.

_____
GARY W. ABER

SWORN TO AND SUBSCRIBED before me, a Notary Public, of the State and County aforesaid, this 5 day of January, 2006 .

NOTARY PUBLIC _____

# EXHIBIT A

LAW OFFICES

# ABER, GOLDLUST, BAKER & OVER

(AN ASSOCIATION OF LAW PRACTICES)
702 KING STREET, SUITE 600
P.O. BOX 1675
WILMINGTON, DELAWARE 19899-1675

GARY W. ABER, P.C.
PERRY F. GOLDLUST, P.A.*
DARRELL J. BAKER, P.A.
SUSAN C. OVER, P.C.
JOANNE A. SHALLCROSS**

(302) 472-4900
TELECOPIER (302) 472-4920

February 10, 2005

*ALSO ADMITTED IN NEW YORK
**ALSO ADMITTED IN PENNSYLVANIA

**BY FACSIMILE (215) 440-2847**
United States Equal Employment
Opportunity Commission
The Bourse, Suite 400
21 S. 5th Street
Philadelphia, PA 19106

RE:     Byers v. Household Finance
        EEOC No.: 17CA400152
        Delaware Department of Labor No. 0312155

Dear Investigators:

I represent the charging party, Felicia Byers in the above-captioned matter. I would appreciate it if you would contact me concerning the status of the EEOC's review of this matter.

Thank you for your assistance and cooperation.

Yours very truly,

Gary W. Aber

GWA/mac
Enclosure

# EXHIBIT B

LAW OFFICES

# ABER, GOLDLUST, BAKER & OVER

(AN ASSOCIATION OF LAW PRACTICES)
702 KING STREET, SUITE 600
P.O. BOX 1675
WILMINGTON, DELAWARE 19899-1675

GARY W. ABER, P.C.
PERRY F. GOLDLUST, P.A.*
DARRELL J. BAKER, P.A.
SUSAN C. OVER, P.C.
JOANNE A. SHALLCROSS**
SHAUNA T. HAGAN

(302) 472-4900
TELECOPIER (302) 472-4920

July 14, 2005

*ALSO ADMITTED IN NEW YORK
**ALSO ADMITTED IN PENNSYLVANIA

**BY FACSIMILE (215) 440-2847**
**BY CERTIFIED AND U.S. MAIL**      7003 3110 0005 8054 4867

United States Equal Employment
Opportunity Commission
The Bourse, Suite 400
21 S. 5th Street
Philadelphia, PA 19106

         RE:    Byers v. Household Finance
                  EEOC No.: 17CA400152
                  <u>Delaware Department of Labor No. 0312155</u>

Dear Investigators:

      On February 10, 2005 I wrote to your office concerning the EEOC review in the above captioned matter. I did not receive responses to that inquiry.

      May I please have a response. If no further review is being done please issue a right to sue letter.

                              Yours very truly,

                              Gary W. Aber

GWA/LDM

# EXHIBIT 8

Westlaw.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2004 WL 2921813 (D.Utah)

(Cite as: 2004 WL 2921813 (D.Utah))

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Utah, Central Division.
Lynn D. SPENCER and Carmen Spencer, Plaintiffs,
v.
JAMES H. CLARK & SON, INC., a Utah
corporation, Defendant.
**No. 2:04-CV-698 TS.**

Dec. 15, 2004.
Mark C. Quinn, Callister Nebeker & McCullough,
Salt Lake City, UT, for Plaintiffs.

Donald J. Winder, John W. Holt, Winder &
Haslam, Salt Lake City, UT, for Defendant.

MEMORANDUM AND ORDER DENYING
DEFENDANT'S MOTION TO DISMISS
PLAINTIFFS'
DISCRIMINATION CLAIMS

STEWART, J.

*1 This matter is before the court on Defendant's
Motion to Dismiss Plaintiffs' Discrimination
Claims. Plaintiffs bring several claims, including
claims under Title VII against Defendant, their
former employer. Defendant brings this Motion
pursuant to Fed.R.Civ.P. 12(b)(6), seeking to
dismiss Plaintiffs' Title VII claims as untimely filed.

Plaintiff Lynn Spencer brings claims of violation of
the Age Discrimination in Employment Act
(ADEA), retaliation under Title VII, Defamation,
Fair Labor Standards Act (FLSA), Utah
Anti-discrimination Act (UADA), and wrongful
termination. Plaintiff Carmen Spencer brings claims
of violation of the ADEA, race and sex

discrimination under Title VII, FLSA, UADA, and
violation of the Equal Pay Act.

Defendant moves to dismiss the Title VII claims on
the basis that they were untimely filed. This Motion
to Dismiss does not cover any of Plaintiffs' other
claims. The parties agree that Carmen Spencer filed
her Charge of Discrimination on January 29, 2004,
and Lynn Spencer filed his Charge of
Discrimination on February 18, 2004. Defendants
have submitted evidence, uncontroverted by
Plaintiffs, that the EEOC mailed a Notice of Right
to Sue to Lynn Spencer on April 23, 2004 and a
Notice of Right to Sue to Carmen Spencer on April
28, 2004. Both Notices of Right to Sue provided the
recipient's lawsuit under Title VII, the ADA and the
ADEA must be filed: "within 90 days of your
receipt of this Notice." They further provide: "In
order to avoid any question that you did not act in a
timely manner, it is prudent that your suit be filed
within 90 days of the date this Notice was mailed to
you (as indicated where the notice is signed) or the
date of the postmark, if later." *Id.* The Notices of
Right to Sue were mailed from the EEOC's
Phoenix, Arizona Division.

The parties dispute the dates that Plaintiffs received
their Notices. Defendant initially relied upon a
presumption of receipt of the Notices three days
following their mailing and supported that
presumption with evidence of a test mailing that
took three days from Phoenix to Salt Lake City,
Utah. Aff. of E. Brinkerhoff.

In opposition, Plaintiffs submitted their sworn
affidavits stating that Lynn Spencer received his
Notice on April 30, 2004, (Pl .'s Ex. A ¶ 4) and
Carmen Spencer received her Notice on May 4,
2004 (Pl.'s Ex. B at ¶ 7). Plaintiffs' Affidavits also
state that their Saratoga Springs, Utah home is
located outside of Lehi, Utah and is served by a
rural mail contractor. Plaintiffs also contend that
while the Notices were signed as of certain dates,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2004 WL 2921813 (D.Utah)

(Cite as: 2004 WL 2921813 (D.Utah))

there is no evidence that the Notices were in fact mailed on those dates.

Defendant replied with (1) an affidavit from the Lehi, Utah, Post Master stating that the Postal Service provides regular, and not contract, mail service to Plaintiff's address and that such mail is delivered to homes in Saratoga Springs the same day it is received from its postal distributors; and (2) an affidavit from the Acting District Director of the Phoenix District Office of the EEOC stating that in the ordinary course of business the EEOC places Notices of Right to Sue in the mail the same day they are date stamped.

\*2 The parties agree that the dispositive period is ninety days from Plaintiffs' receipt of their Notices of Right to Sue. Ninety days from April 23, 2004, would be Thursday, July 22, 2004. Allowing three additional days would be Sunday, July 25, 2004. The next business day would be Monday, July 26, 2004. This action was filed on July 29, 2004. However, ninety days from April 30, 2004, the day Mr. Spencer states he received the Notice would be July 29, 2004, the date this action was filed.

> [C]ommencing an action within ninety days of receipt of a right-to-sue letter is not a jurisdictional prerequisite; rather, the ninety-day requirement is akin to a statute of limitations ... This distinction is important ... [T]he issue of subject matter jurisdiction may be resolved by the district court in a manner fundamentally different from the defense of limitations. On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a district court may itself resolve disputed fact questions. On a Rule 12(b)(6) motion to dismiss for failure to state a claim, on the other hand, the district court must accept the truth of plaintiff's allegations or rely upon only those matters outside of the pleadings with respect to which there is no genuine issue of fact.

*Espinoza v. Missouri Pacific R. Co.*, 754 F.2d 1247, 1249 n. 1 (5th Cir.1985) (citations omitted).
> The ninety-day limit begins to run on the date the complainant actually receives the EEOC right-to-sue notice making that date a material fact. A **rebuttable presumption** of receipt does

arise on evidence that a properly addressed piece of **mail** is placed in the care of the postal service. Because the presumption is rebuttable, however, evidence denying receipt creates a credibility issue that must be resolved by the trier of fact.

*Witt v. Roadway Exp.*, 136 F.3d 1424, 1430 (10th Cir.1998) (citations omitted).

Both parties have relied upon matters outside the pleadings to establish their positions on the statute of limitations argument. Ordinarily, consideration of such evidence requires that the court treat the motion as one for summary judgment and provide the parties of notice and an opportunity for the parties to present relevant evidence. *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir.1996). The required notice may be actual or constructive, such as when the party opposing files its own affidavits. *Id.* "[T]he court cannot convert a motion to dismiss to a motion for summary judgment without notice, unless the opposing party has responded ... by filing his own affidavits." *Alexander v. Oklahoma*, 382 F.3d 1206, 1214 (10th Cir.2004) (quoting *Ketchum v. Cruz*, 961 F.2d 916, 919 (10th Cir.1992).

In the present case, although Defendant brought its Motion under Rule 12(b)(6), it filed an Affidavit and several other exhibits in support of its Motion. Plaintiffs did not object, and instead filed their own exhibits, including affidavits. Defendant responded with two additional affidavits. Thus, the parties by filing and relying on materials outside of the pleadings were on notice that the court would treat this motion as one for summary judgment in order to consider the extensive materials outside the pleadings filed by both parties and the court will do so.

\*3 Considering those materials, the court finds that Plaintiff Lynn Spencer has shown a material issue of fact regarding the date of his receipt of his Notice of Right to Sue. The court finds that Defendant's arguments that the Plaintiffs' Affidavits should be disregarded go to the weight of the evidence, not the existence of a material issue of fact. *Witt*, 136 F.3d at 1430 (finding trial court erroneously disregarding plaintiff's affidavit, based on personal

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2004 WL 2921813 (D.Utah)

**(Cite as: 2004 WL 2921813 (D.Utah))**

knowledge of date of receipt of notice, in favor of presumption that claimant received notice within five days of mailing). Because Plaintiff Lynn Spencer has shown a material issue of fact on the date of his actual receipt of his notice, he has rebutted the presumption of receipt with a certain number of days of mailing. *Id.* Because the presumption is rebutted, the court need not determine whether a three-day or five-day presumption is appropriate. *Lozano v. Ashcroft,* 258 F.3d 1160, (10th Cir.2001) (considering analogous presumption of a five-day receipt period for delivery of an EEOC decision to a federal employer set by federal regulation). The court will deny the Motion regarding dismissal of his discrimination claims on the statute of limitations grounds.

Defendant also contends the court should construe the Notice of Intent to Sue issued to Plaintiff Lynn Spencer as constructive notice to Plaintiff Carmen Spencer of the time to file her complaint because the Spencers are married, reside at the same address, and planned to file a joint Complaint in this court. For the reasons stated above, the court has found that there is an issue of fact as to the date of Lynn Spencer's Notice of Right to Sue.

Further, the court rejects Defendant's argument that receipt by Lynn Spencer of a Notice of Right to Sue in any way affected the 90-period afforded by statute for Carmen Spencer to bring her separate claims. The Charges of Discrimination were separate, the Notices were separate, and were mailed on different days. The notice and limitation statute is plain on its face. 42 U.S.C. § 2000e-5(1) ("... shall notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge ..."). The court will not rewrite the clear statute to diminish the notice right and limitations period on the grounds of marital status.

Using Defendant's asserted three-day presumption of mailing, Carmen Spencer's lawsuit was filed within ninety days from the date of receipt of her Notice of Right to Sue.

Based on the foregoing, it is therefore

ORDERED that Defendant's Motion to Dismiss Plaintiff's Claims of Discrimination is treated as one for summary judgment and it is hereby DENIED.

Not Reported in F.Supp.2d, 2004 WL 2921813 (D.Utah)

**Motions, Pleadings and Filings (Back to top)**

• 2:04CV00698 (Docket) (Jul. 29, 2004)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT 9



Not Reported in F.Supp.2d
Page 1

Not Reported in F.Supp.2d, 2005 WL 885511 (N.D.Cal.)

**(Cite as: 2005 WL 885511 (N.D.Cal.))**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
N.D. California.
Larry MONTGOMERY, Plaintiff,
v.
PINKERTON'S INC., American Protective
Services, International Union of Security
Officers, Service Employees International Union
Local 24/7, Does 1 to 100,
Defendants.
**No. C-04-1367 SC.**

April 14, 2005.
Kelechi Charles Emeziem, Emeziem & Ogbu,
Emeryville, CA, for Plaintiff.

Francis J. Ortman, III, Seyfarth Shaw LLP, San
Francisco, CA, Victor C. Thuesen, Law Offices of
Victor C. Thuesen, Petaluma, CA, for Defendants.

*ORDER RE: DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT*

CONTI, J.

I. *INTRODUCTION*

**\*1** Plaintiff Larry Montgomery ("Plaintiff") filed
suit against his former employer, Defendant
Pinkerton's Inc. ("Defendant Pinkerton's"), and his
union, Defendant International Union of Security
Officers, Service Employees International Union
Local ("Defendant Union" or "the Union"). Plaintiff
filed the suit after he was fired by his employer and
the Union declined to take the matter to arbitration.
Defendants removed the action to this Court. Now
before the Court is Defendants' Motion for
Summary Judgment. For the reasons stated herein,
the Court DENIES the Motion.

II. *BACKGROUND*

Plaintiff was an employee of Defendant Pinkerton's
for 20 years. Complaint at 2. He worked as a
security officer. *Id.* Plaintiff claims that he had no
disciplinary problems during his period of
employment. *Id.* In January 2003, Plaintiff had
interactions with a fellow employee who worked as
a security officer in a neighboring store, the details
of which have not been presented to this Court. *Id.*
at 3. Following complaints by the fellow employee,
Defendant Pinkerton's terminated Plaintiff's
employment. *Id.* Plaintiff requested that Defendant
Union challenge the termination, but the Union
declined to proceed to arbitration. *Id.*

III. *LEGAL STANDARD*

Under Rule 56 of the Federal Rules of Civil
Procedure, summary judgment in favor of the
movant is proper if "there is no genuine issue as to
any material fact." *Celotex Corp. v. Catrett,* 477
U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265
(1986). "[T]he movant has the burden of showing
that there is no genuine issue of fact." *Anderson v.
Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct.
2505, 91 L.Ed.2d 202 (1986). Furthermore, "[o]n
summary judgment the inferences to be drawn from
the underlying facts ... must be viewed in the light
most favorable to the party opposing the motion."
*United States v. Diebold, Inc.,* 369 U.S. 654, 655,
82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

IV. *DISCUSSION*

Defendants base their Motion on the assertion that
the Labor Management Relations Act ("the Act")
preempts Plaintiff's state law claims, and that the
claims are subject to a six-month statute of
limitations. [FN1] Motion at 2. Plaintiff does not
contest the application of the Act and its six-month

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2005 WL 885511 (N.D.Cal.)

(Cite as: 2005 WL 885511 (N.D.Cal.))

Page 2

statute of limitations. Opposition at 3. Case law is clear that the Act does in fact preempt Plaintiff's state law claims because the causes of action allege violations of a collective bargaining agreement, or allege causes of action that depend upon the meaning of a collective bargaining agreement. Complaint at 3-6; *Slurry Seal v. Laborers Int'l Union of N. Am. Highway and Street Stripers,* 241 F.3d 1142, 1146 (9th Cir.2001).

> FN1. In the Motion, Defendants distinguish between the individual causes of action and the individual defendants. However, this is a "hybrid" action because it includes claims against both the employer and the Union. In other words, the basic issuewhether a six-month statute of limitations precludes this suitis the same for all causes of action. Therefore, the Court considers the Motion as a whole.

Rather, the parties disagree on when the statute of limitations for this action began to run. Defendants allege that the statute began to run on June 18, 2003 when the Union told Plaintiff of its decision not to challenge his termination. Motion at 4. Were the Court to accept this as the accrual date, Plaintiff's initial filing would fall outside the six-month statute of limitations. Plaintiff, on the other hand, alleges that the limitations period began to run on July 15, 2003 when he claims to have received by mail the Grievance Resolution declaring that the Union would not pursue arbitration. Opposition at 2. Were the Court to accept this as the accrual date, Plaintiff's initial filing would fall within the six-month statute of limitations.

**\*2** The Court agrees with the parties that this action is governed by a six-month statute of limitations. *DelCostello v. Int'l Brotherhood of Teamsters,* 462 U.S. 151, 169, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The limitations period "begins to run when the employee knows or has reason to know that the union has quit pursuing his grievance short of arbitration." *Carter v. Smith Food King,* 765 F.2d 916, 919 (9th Cir.1985). Here, the Defendant Union informed Plaintiff by letter dated June 22, 2003 that "there were no grounds for going to arbitration."

Declaration of Larry Montgomery, Exhibit B ("Grievance Resolution Letter"). This letter appears to be the final determination by the Union on whether to pursue Plaintiff's grievance against his employer. Therefore, under *Carter,* the Court holds that Plaintiff's receipt of the Grievance Resolution Letter triggered the running of the six-month limitations period.

The Court must now determine, for purposes of this Motion only, when Plaintiff received the Grievance Resolution Letter. The letter was postmarked June 30, 2003. Declaration of Larry Montgomery, Exhibit B. "Proper and timely mailing of a document raises a rebuttable presumption that the document has been timely received by the addressee." *Lewis v. United States,* 144 F.3d 1220, 1222 (9th Cir.1998). The Ninth Circuit has suggested that a five-day period is an appropriate length of time to presume that a letter was delivered. *Carrasco v. City of Monterey Park,* 18 F.Supp.2d 1072, 1076 (C.D.Cal.1998), *citing to Nelmida v. Shelly Eurocars, Inc.,* 112 F.3d 380, 384 (9th Cir.1997). Thus, there is a rebuttable presumption that Plaintiff received the Grievance Resolution Letter on or about July 5, 2003.

If Plaintiff is presumed to have received the letter around July 5, the limitations period would have run shortly before Plaintiff filed this lawsuit. Without evidence to suggest a later delivery, summary judgment in favor of Defendants would be appropriate. However, because it is a rebuttable presumption, "evidence denying receipt creates a credibility issue that must be resolved by the trier of fact." *Witt v. Roadway Express,* 136 F.3d 1424, 1430 (10th Cir.1998). In the instant matter, Plaintiff has presented such evidence in the form of a declaration. In the declaration, Plaintiff states, "On or about July 15, 2003, I received a letter from Mr. Steve McClenethan dated June 22, 2003 and postmarked June 30, 2003 stating that there were no grounds for my case to go to arbitration." Declaration of Larry Montgomery at 2. This Court must view this evidence in the light most favorable to the party opposing the motion. *Diebold,* 369 U.S. at 655. A signed declaration stating that the Plaintiff did not receive a letter until a certain date is

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2005 WL 885511 (N.D.Cal.)

**(Cite as: 2005 WL 885511 (N.D.Cal.))**

precisely the type of evidence which can support a denial of summary judgment. *Witt,* 136 F.3d at 1430 ("The district court wrote, 'Plaintiff has not presented any evidence to rebut the presumption or to establish the actual receipt date.' On the contrary, Mr. Witt has done just that. It was error for the court to ignore Mr. Witt's affidavit.") (internal citation omitted).

**\*3** For purposes of this Motion, this Court must accept as true Plaintiff's statement that he received the Grievance Resolution Letter on July 15, 2003. Plaintiff filed this lawsuit on January 13, 2004. Notice of Removal at 1. January 13, 2004 is within the six-month statute of limitations period. Therefore, the Court declines Defendants' invitation to grant summary judgment in their favor.

The Court has considered Defendants' allegation that a June 18, 2003 conversation between a Union official and Plaintiff, as well as Plaintiff's letter to his Union ("Plaintiff's letter"), also dated June 22, 2003, prove that Plaintiff knew of the Union's decision not to seek arbitration even before he received the Grievance Resolution Letter. Reply at 3. While there does not appear to be Ninth Circuit law directly on point, other jurisdictions have held that the grievance process ends, and thus the six-month limitations period begins to run, when a Union "formally" notifies a member of its decision not to arbitrate. *Hayes v. Reynolds Metal Co.,* 769 F.2d 1520, 1522 (11th Cir.1985); *Beck v. Caterpillar Inc.,* 855 F.Supp. 260, 263 (C.D.Ill.1994). The Court finds this to be persuasive. Therefore, this Court holds that Plaintiff's formal notification of the Union's decision was receipt of the Grievance Resolution Letter, which starts, "It is with regret that I must inform you that the Unions [sic] effort to negotiate a return to work agreement with the Pinkertons Co [sic] was rejected." Declaration of Larry Montgomery, Exhibit B. In deciding this Motion, a grant of which would cut short Plaintiff's suit, this Court declines to speculate as to whether or not Plaintiff's efforts leading up to the Grievance Resolution Letter demonstrate that he "knew or should have known" that the Union would not arbitrate his termination. Plaintiff's conversations

with and letters to the Union could just as easily be construed as evidence of ongoing discussions regarding whether or not the Union would arbitrate rather than as evidence that he knew the Union had already made a final determination not to arbitrate. As described above, the Grievance Resolution Letter clearly states that it is informing Plaintiff of the decision not to arbitrate. Therefore, the Court holds it to be the formal notification that triggers the limitations period.

Finally, the Court notes Defendants' assertion that Plaintiff's Opposition was untimely and therefore cannot be a basis for a denial of summary judgment. However, "a motion for summary judgment cannot be granted simply because the opposing party violated a local rule." *Marshall v. Gates,* 44 F.3d 722, 725 (9th Cir.1994). Here, although Civil Local Rule 7-3 requires an opposition to be served and filed no less then 21 days before the hearing date, Federal Rule of Civil Procedure 56 requires only that the motion itself be within ten days of the hearing. Therefore, at its discretion, the Court has considered the content and exhibits of Plaintiff's untimely Opposition.

## V. *CONCLUSION*

**\*4** This "hybrid" action is preempted by the Labor Management Relations Act. Thus, a six-month statute of limitations controls. Defendants have not shown that there is no genuine issue as to the material fact of when the statute of limitations began to run. Therefore, summary judgment in favor of Defendants would be inappropriate. The Court emphasizes that it has accepted Plaintiff's assertion that the period of limitations began to run on July 15, 2003 only for purposes of this Motion now before the Court. Should Defendants prove to a trier of fact that the period began to run from an earlier date, the statute of limitations may preclude judgment in favor of Plaintiff regardless of the underlying merits of the case.

For the reasons stated above, the Court hereby DENIES Defendants' Motion for Summary Judgment.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                     Page 4

Not Reported in F.Supp.2d, 2005 WL 885511 (N.D.Cal.)

**(Cite as: 2005 WL 885511 (N.D.Cal.))**


IT IS SO ORDERED.

Not Reported in F.Supp.2d, 2005 WL 885511
(N.D.Cal.)

   **Motions, Pleadings and Filings (Back to top)**

• 3:04cv01367 (Docket) (Apr. 08, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT 10

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FELICIA BYERS,                                      )
                                                    )
            Plaintiff,                              )        C.A. No.: 05-711 (GMS)
                                                    )
      v.                                            )
                                                    )        Trial By Jury Demanded
HOUSEHOLD FINANCE CORPORATION,                      )
HOUSEHOLD INTERNATIONAL, INC., AND                  )
OR HOUSEHOLD PAYROLL SERVICES, INC.,                )
Delaware Corporations,                              )
                                                    )
            Defendant,                              )
                            **AFFIDAVIT OF CHANTEL HENY**

STATE OF                          )
                                  ) SS.
COUNTY OF                         )

I, Chantel Heny,  being duly sworn do depose and say as follows:

1.    I am the individual that wrote the letter that is attached hereto as Exhibit No. 1.

2.    I reside at 134 Vincent Circle, Middletown, Delaware 19709

3.    The facts as related in Exhibit No. 1 are true and correct to the best of my knowledge

and belief.


                                   _____
                                          Chantel Heny


SWORN TO AND SUBSCRIBED before me, a Notary Public, of the State and County

aforesaid, this 6 day of January 2006.

                                   _____
                                   NOTARY PUBLIC


                    THERESE A. DONOVAN
                      NOTARY PUBLIC
                     STATE OF DELAWARE
                My Commission Expires March 19, 2009

To whom It may Concern 9/2/05    N

I Chantel Henry live at
134 Vincent Circle in Middl
Village. I have very often
recieve mail from for my
neighbers. It has been alot
of mix up with the mail
as I can recall. I recieve
mail from
132 Vincent Circle
136 Vincent Circle,
134 Rosi Drive
134 Libri Drive

If any question or concer
please call

Chantel Henry
134 Vincent Circle
Middletan, DE 19709
Phone: (302) 376.0626
Emial: Chenry29 yahoo.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that two copies of the attached pleading were hand delivered to the following counsel on January 6, 2006:

>Jennifer C. Jauffret, Esquire
>Richards, Layton & Finger
>One Rodney Square
>920 N. King Street
>Wilmington, DE  19801

Melissa A. Chionchio
Secretary to Gary W. Aber, Esquire