## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

FELICIA BYERS,     )
           )
           )
   Plaintiff,    )
           )  C.A. No. 05-711-GMS
  v.        )
           )
HSBC PAY SERVICES, INC.,   )
           )
   Defendant.   )

### ANSWER TO COMPLAINT

Defendant HSBC Pay Services, Inc. ("Defendant") hereby answers the Complaint of plaintiff Felicia Byers ("Plaintiff") as follows:

Defendant denies each and every averment of the Complaint except as expressly admitted below.

### THE PARTIES

1.  Defendant is without sufficient knowledge or information as to the averments contained in paragraph 1, and accordingly, said averments are deemed denied.

2.  It is admitted that Defendant HSBC Pay Services, Inc. is a Delaware corporation. It is admitted Defendant's agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3.  It is admitted that Plaintiff is a female. It is admitted Plaintiff was an employee of Defendant. Defendant avers "at all times relevant to this Complaint" is a conclusion of law to which no responsive pleading is required.

4.     It is admitted Defendant employed more than 500 employees at various times. Defendant avers "at all times relevant to this Complaint" is a conclusion of law to which no responsive pleading is required.

## JURISDICTION

5.     Paragraph 5 states conclusions of law to which no responsive pleading is required.

## VENUE

6.     Paragraph 6 states conclusions of law to which no responsive pleading is required. To the extent paragraph 6 is deemed to contain any factual averments, they are denied.

## EXHAUSTION OF REMEDIES

7.     It is admitted that prior to filing this action, Plaintiff, on December 5, 2003, filed a charge with the Delaware Department of Labor and a simultaneous filing with the Equal Employment Opportunity Commission.  Plaintiff's assertion that the charge was "timely" is a conclusion of law to which no responsive pleading is required.  Defendant avers the charge is a document that speaks for itself and therefore denies Plaintiff's characterizations about the charge.

8.     Admitted.

9.     Defendant is without sufficient knowledge or information as to the averments contained in paragraph 9, and accordingly, said averments are deemed denied.

10.     Paragraph 10 states conclusions of law to which no responsive pleading is required.  To the extent paragraph 10 is deemed to contain factual averments, Defendant is without sufficient knowledge or information as to the averments contained in paragraph 10, and accordingly, said averments are deemed denied.

## FACTS

11.     Denied as stated.  It is admitted that Plaintiff began working for Defendant as a Telephone Representative on or about June 16, 2000.

-2-

12.    It is admitted at times between June 2001 and September 2003 Plaintiff was supervised by Dennis Barth and Joann Sietieski. The remaining averments of paragraph 12 are denied.

13.    It is admitted Terry Parker became Plaintiff's supervisor during September 2003 but Defendant objects to the word "under."

14.    It is admitted Plaintiff was on approved medical leave in September 2003. It is denied as stated that Terry Parker began work as the Branch Manager. It is admitted Terry Parker became the Branch Sales Manager in September 2003. The remaining averments of paragraph 14 are denied.

15.    Denied.

16.    Denied.

17.    Denied.

18.    Denied.

19.    Denied.

20.    It is admitted that Plaintiff attended a training in October 2003. Defendant is without sufficient knowledge or information as to the averments regarding Plaintiff's actions that are contained in paragraph 20, and accordingly, said averments are deemed denied. The remaining averments of paragraph 20 are denied.

21.    It is admitted that in October 2003 Plaintiff discussed attending a seminar with her supervisor. The remaining averments of paragraph 21 are denied.

22.    Defendant is without sufficient knowledge or information as to the averment "the actions of the supervisor during the telephone call of October 25, 2003 caused immediate upset

to the plaintiff," and accordingly said averments are deemed denied. The remaining averments of paragraph 22 are denied.

23.    Paragraph 23 states conclusions of law to which no responsive pleading is required. To the extent paragraph 23 is deemed to contain any factual averments, they are denied.

24.    Denied.

25.    Denied as stated that Plaintiff began a period of work-related disability on or about October 31, 2003. It is admitted Plaintiff began a period of disability on or about October 28, 2003. The remaining averments of paragraph 25 are denied.

26.    Denied.

27.    Denied.

28.    Paragraph 28 states conclusions of law to which no responsive pleading is required. To the extent paragraph 28 is deemed to contain any factual averments, they are denied.

29.    Paragraph 29 states conclusions of law to which no responsive pleading is required. To the extent paragraph 29 is deemed to contain any factual averments, they are denied.

30.    Paragraph 30 states conclusions of law to which no responsive pleading is required. To the extent paragraph 30 is deemed to contain any factual averments, they are denied.

31.    Paragraph 31 states conclusions of law to which no responsive pleading is required. To the extent paragraph 31 is deemed to contain any factual averments, they are denied.

## COUNT I
### (Discrimination Under 42 U.S.C. § 2000e)

32.     Defendant incorporates its responses to paragraph 1 through 31 as if set forth fully herein.

33.     Paragraph 33 states conclusions of law to which no responsive pleading is required.   To the extent paragraph 33 is deemed to contain any factual averments, they are denied.

## COUNT II
### (Discrimination Under 42 U.S.C. § 2000e)

34.     Defendant incorporates its responses to paragraph 1 through 33 as if set forth fully herein.

35.     Paragraph 35 states conclusions of law to which no responsive pleading is required.   To the extent paragraph 35 is deemed to contain any factual averments, they are denied.

Defendant incorporates its responses to paragraphs 1 through 35 as if set forth fully herein.   Defendant objects to and denies that Plaintiff is entitled to the relief sought in the "WHEREFORE" clause of her Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

36.     Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

37.     To the extent Plaintiff has failed to institute this action within the time required under the applicable statute of limitations, the claims for relief are barred and should be dismissed.

RLF1-3001138-2

### THIRD AFFIRMATIVE DEFENSE

38.    Insofar as Plaintiff seeks to recover relief for (a) alleged incidents occurring prior to the applicable limitations for the filing of an administrative charge of discrimination; or (b) for alleged incidents of discrimination not listed in any charge, Plaintiff may not recover any relief for such incidents of alleged discrimination, and Defendant requests that such claims be barred and dismissed.

### FOURTH AFFIRMATIVE DEFENSE

39.    All conduct engaged in by Defendant was for legitimate business reasons and not as pretext for illegal actions.  Therefore, Plaintiff's claims are barred and should be dismissed.

### FIFTH AFFIRMATIVE DEFENSE

40.    Defendant and its employees acted without malice or reckless indifference, and thus, an award of punitive damages is inappropriate.

### SIXTH AFFIRMATIVE DEFENSE

41.    Defendant did not fail to properly train, educate or supervise Plaintiff's supervisor.

### SEVENTH AFFIRMATIVE DEFENSE

42.    Defendant did not negligently hire, educate, train or supervise Plaintiff's supervisor.

### EIGHTH AFFIRMATIVE DEFENSE

43.    In the alternative, Defendant may not be held vicariously liable for the actions of any employees who have failed to act in accordance with Defendant's anti-discrimination policy and procedures.

RLF1-3001138-2

## NINTH AFFIRMATIVE DEFENSE

44.    To the extent that Plaintiff alleges unlawful acts of her co-workers, such acts would have been outside the scope of the actor's authority and thus Defendant is not liable for any wrongful conduct.

## TENTH AFFIRMATIVE DEFENSE

45.    In the alternative, if a fact-finder decides that unlawful discrimination was committed by Defendant's employees or others, such went against Defendant's good faith efforts to comply with state and federal law and to enforce its anti-discrimination policy, such that an award of punitive damages would be inappropriate.

## ELEVENTH AFFIRMATIVE DEFENSE

46.    To the extent Plaintiff has made any claims for special damages, Plaintiff has failed to state such claims with the requisite specificity.  Therefore, Plaintiff's claims are barred and should be dismissed.

## TWELFTH AFFIRMATIVE DEFENSE

47.    Plaintiff's claims for relief are barred to the extent they seek damages in excess of the limits imposed by applicable law, and also to the extent she seeks punitive damages and other relief not available under applicable law.

## THIRTEENTH AFFIRMATIVE DEFENSE

48.    Plaintiff's prayer for relief must fail to the extent Plaintiff has failed to mitigate her damages as required by law.

## FOURTEENTH AFFIRMATIVE DEFENSE

49.    To the extent that Plaintiff has obtained income from Defendant, other employment or other sources, such money obtained subsequent to Plaintiff's employment with Defendant must be set off against any damages allegedly due Plaintiff from Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

50.    Plaintiff's claims are barred by the doctrines of estoppel, waiver and/or unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

51.    Plaintiff's claims are barred because she suffered no adverse employment action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

52.    Plaintiff's claims are barred because, at all relevant times, Defendant had policies against discrimination and retaliation and took prompt remedial action. Specifically, Defendant exercised reasonable care to prevent and promptly correct all unlawful discriminatory behavior, including but not limited to, sexually harassing, retaliatory and other unlawful behavior. Such reasonable care to prevent and promptly correct any unlawfully harassing or discriminatory behavior, included but is not limited to, the dissemination and enforcement of an anti-harassment, discrimination and retaliation policy and training on such policy. Moreover, to the extent Plaintiff failed to take advantage of preventive and/or corrective opportunities in an appropriate manner or attempt to avoid harm otherwise, her claims are barred. To the extent that Plaintiff made a complaint of unlawful activity to management, such complaint was promptly investigated. Further, Defendant engaged in prompt and corrective remedial action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

53.    To the extent Plaintiff is claiming a hostile work environment, Plaintiff's claim is barred because such alleged conduct was not severe or pervasive enough to constitute unlawful behavior.

## NINETEENTH AFFIRMATIVE DEFENSE

54.     To the extent Plaintiff is claiming a hostile work environment, Plaintiff's claim is barred because such alleged conduct did not result in a tangible change in Plaintiff's employment status or benefits.

## TWENTIETH AFFIRMATIVE DEFENSE

55.     To the extent Plaintiff is claiming a hostile work environment, Plaintiff's claim is barred because such alleged conduct did not have the effect of unreasonably interfering with Plaintiff's work performance or creating an intimidating, hostile or offensive work environment.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

56.     To the extent the Plaintiff is claiming a hostile work environment, Plaintiff's claim is barred because to the extent such alleged conduct is proven, a reasonable person would not find the alleged conduct objectionable.

WHEREFORE, Defendant requests that the Court dismiss the Complaint with prejudice and enter any further relief, including costs and attorneys' fees, for Defendant, as this Court deems appropriate.

_____
Jennifer C. Jauffret (#3689)
Jauffret@rlf.com
Kelly A. Green (#4095)
Green@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, Delaware  19899
Attorneys for Defendant
HSBC Pay Services, Inc.

Dated:  April 25, 2006

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2006, I electronically filed the foregoing Answer to

Complaint with the Clerk of Court using CM/ECF which will send notification of such filing to

the following and on April 25, 2006, hand delivered copies of the same to:

> Gary W. Aber, Esquire
> Aber, Goldlust, Baker & Over
> 702 King Street, Suite 600
> P. O. Box 1675
> Wilmington, Delaware 19899

> Jennifer C. Jauffret(#3689)
> Jauffret@rlf.com
> Richards, Layton & Finger
> One Rodney Square
> P. O. Box 551
> Wilmington, DE 19899
> 302-651-7700
> Attorneys for Defendant