LAW OFFICES
# ABER, GOLDLUST, BAKER & OVER
(AN ASSOCIATION OF LAW PRACTICES)
702 KING STREET, SUITE 600
P.O. BOX 1675
WILMINGTON, DELAWARE 19899-1675

GARY W. ABER, P.C.
PERRY F. GOLDLUST, P.A.*
DARRELL J. BAKER, P.A.
SUSAN C. OVER, P.C.
SHAUNA T. HAGAN
SAAGAR B. SHAH

May 23, 2006

(302) 472-4900
TELECOPIER (302) 472-4920

*ALSO ADMITTED IN NEW YORK
**ALSO ADMITTED IN PENNSYLVANIA

**HAND DELIVER**
The Honorable Gregory M. Sleet
United States District Court
844 King Street
Wilmington, DE 19801

   RE: Byers v. Household Finance
     C.A. No: 05-711 (GMS)

Dear Judge Sleet:

  Accompanying this letter is the parties' Status Report, prior to the scheduling conference. We have also taken the liberty of drafting a Proposed Scheduling Order, which we hope meets with Your Honor's approval.

  Thank you for your assistance and consideration in this matter.

              Respectfully,

              Gary W. Aber

GWA/mac
Enclosure
cc: Jennifer C. Jauffret, Esquire

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FELICIA BYERS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HSBC PAY SERVICES, INC., )<br>)<br>Defendant, ) | C.A. No.: 05-711 (GMS)<br><br>Trial By Jury Demanded |

## PROPOSED SCHEDULING ORDER

This _____ day of _____, 2006, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on _____, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a) Initial Disclosures:** Unless otherwise agree to by the parties, they shall make their initial disclosures pursuant to Federal Rules of Civil Procedure 26(a) on or before June 15, 2006.

2. **Joinder of other Parties and Amendment of Pleadings:** All motions to join other parties and amend the pleadings shall be filed on or before July 15, 2006.

3. **Discovery:** All discovery in this case shall be initiated so that it will be completed on or before December 29, 2006.

    a. **Discovery and Scheduling Matters:** Should counsel find they are unable to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the

teleconference, the parties shall file with the court, via electronic means (CM-ECF), a **joint, non-argumentative** letter agenda not to exceed two(2) pages outlining the issue(s) in dispute. A sample letter can be located on the court's website at www.ded.uscourts.gov. Should the court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

    4.    **Confidential Information and Papers filed under Seal**: Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within ten (10) days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If, after making a diligent effort, the parties are unable to agree on the contents of the joint, proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 3(a).**

    5.    **Settlement Conference**: Pursuant to 28 U.S.C. §636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. If the parties agree that the possibility of a settlement may be enhanced by such referral, the parties shall contact Magistrate Judge Thynge to schedule a settlement conference with counsel and clients.

6. **Case Dispositive Motions**: All case dispositive motions and an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before **January 18, 2007**. Briefing will be presented pursuant to the Court's Local Rules, unless the parties agree to an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for the Court's approval. Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

7. **Applications By Motion**: Except as provided in this Scheduling Order or for matters relating to scheduling any application to the Court shall be by written motion filed, via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local rule 7.1.1.

8. **Oral Argument**: If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to Local Rule 7.1.4.

9. **Pretrial Conference**: On _____, at _____ __, m, the Court will hold a Pretrial Conference in chambers with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the court the Joint Proposed Final Pretrial Order with the information required by the form of Final Pretrial Order. A sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov.

10. **Trial**: This matter is scheduled for a _____ day jury trial beginning at 9:00 a.m. on _____.

11. **Scheduling**: The parties hall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought and only then when ALL participating counsel is on the line for purpose of selecting a new date.

_____
The Honorable Gregory M. Sleet

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FELICIA BYERS, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 05-711 (GMS) |
| | ) | |
| v. | ) | |
| | ) | Trial By Jury Demanded |
| HSBC PAY SERVICES, INC., | ) | |
| | ) | |
| Defendant, | ) | |

## JOINT STATUS REPORT

The parties in the above-captioned matter after consulting with each other report as follows:

1. **Jurisdiction and Service:** The Court has jurisdiction in this matter under the provisions of 42 U.S.C. §2000e, et seq., and 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §§1331 and 1334. Service has been completed and the defendant has been served.

2. **Substance of the Action:**

Plaintiff's Statement: The plaintiff contends that while she was employed by the defendant, her immediate supervisor and office manager verbally and physically sexually harassed and abused her.

Defendant's Statement: The defendant employer had a policy against harassment and discrimination and trained its employees on such policy. The defendant promptly and thoroughly investigated plaintiff's complaints of harassment and instituted effective remedial action. Plaintiff should have brought the issue to defendant's attention earlier to take advantage of preventive and/or corrective opportunities. Also, plaintiff may have contributed to and/or participated in the alleged environment. As plaintiff has suffered no tangible adverse employment action, defendant intends to rely on the Ellerth/Farragher defense. Moreover, the

allegations of harassment, even if true, do not rise to the severity or pervasiveness level to be actionable.

3. **Identification of Issues**: Defendant reserves the right at this time to pursue the argument of plaintiff's timeliness of filing suit but will decide whether this issue will be pursued promptly after the deposition of plaintiff and will notify plaintiff's counsel accordingly. The remaining factual issues that need to be identified are the nature and extent of the harassment upon the plaintiff, and the validity of the defendant's affirmative defense based upon Ellerth and Faragher. In addition, the nature and extent of the plaintiff's injuries as a result of the sexual harassment and abuse. Mitigation may be a future issue depending on when or if plaintiff is released to full duty.

4. **Narrowing of Issues**: Other than the timeliness issue discussed above, the parties are unsure at this time, until initial discovery has been completed what issues can be narrowed by agreement or by early dispositive motions.

5. **Relief**: The plaintiff seeks both liquidated damages in the amount of lost wages and liquidated damages for pain, suffering and mental anguish. The lost wages claim is based upon two and a half years of lost wages at approximately $50,000 per year, for the period of time that she was disabled by her mental injuries. The issue of future damages will depend on whether or not, and the extent, that she can mitigate her future lost wages. An issue will arise as to whether or not the defendant is entitled to take a credit for worker's compensation benefits that the plaintiff received.

6. **Amendment of Pleadings**: None is expected.

7. **Joinder of Parties**: None is expected.

8. **Discovery**: The parties expect to take written discovery in the form of Interrogatories, Requests for Production, and/or perhaps Requests for Admissions. The

2

defendant will take, at an early stage, the plaintiff's deposition and possibly a few third parties, depending on written discovery. The number and extent of deposition discovery taken by the plaintiff will depend on the identification of individuals and issues in response to written discovery. The parties expect that medical experts and damage experts will be utilized in this matter.

9.  **Estimated Trial Length**: Four (4) days. It is not expected that the issues are subject to bifurcation.

10. **Jury Trial:** Yes.

11. **Settlement**: The parties have discussed settlement in the abstract. Given the nature and extent of the plaintiff's damage claims, a settlement prior to the deposition of the plaintiff is not probable. Both parties would request that this matter be referred to the Magistrate Judge for mediation.

12. **Other Matters:** Defendant intends to seek plaintiff's agreement as to a protective order, and if so stipulated, will seek the Court's approval.

13. **State of Counsel**: The parties have conferred about each of the above stated matters.

ABER, GOLDLUST, BAKER & OVER

_____
GARY W. ABER (DSB #754)
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE 19899
302-472-4900
Attorney for Plaintiff

RICHARDS, LAYTON & FINGER

_____
JENNIFER C. JAUFFRET (DSB #3689)
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorney for Defendant

SO ORDERED, this _____ day of _____, 2006.

_____
The Honorable Gregory M. Sleet