# United States District Court

DISTRICT OF __DELAWARE__

FELICIA BYERS,

           Plaintiff,

v.

HSBC PAY SERVICES, INC.,

           Defendant.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 05-711-GMS

TO:    Medical Records Custodian
         Rockford Center
         100 Rockford Drive
         Newark, Delaware 19713

    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

X  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **Any and all medical records, diagnostic tests and related documents relating to Felicia Byers         A Medical Authorization is attached hereto which further specifies the documents requested.**

| PLACE | DATE AND TIME |
|---|---|
| Richards, Layton & Finger, One Rodney Square, 920 King St., Wilm., DE 19801 | June 15, 2006 by 5:00 p.m. |

    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Kelly A. Green    **Attorney for Defendant** | May 24, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER  Kelly A. Green (#4095), Richards, Layton & Finger, One Rodney Square, P.O. Box 551, Wilmington, DE 19899; (302) 651-7700.

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

RLF1-3017690-1

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 5/25/06 | 100 ROCKFORD DR., NEWARK, DE |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| ROCKFORD CENTER | ACCEPTED BY   LAURENE EXPERIENCE |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| DENORRIS BRITT | PROCESS SERVER |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   5/25/06
DATE

SIGNATURE OF SERVER

BRANDYWINE PROCESS SERVERS, LTD.
P.O. BOX 1360
WILMINGTON, DE  19899-1360
302-475-2600

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D-

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials; or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS/INFORMATION

Re:        Felicia Byers                                                                MAY 1 2 2006
DOB:
SS #:

    I, Felicia Byers, authorize any physician, psychiatrist, psychologist, osteopath, chiropractor, acupuncturist, therapist, dentist, podiatrist, nurse practitioner, social worker, psychiatric social worker, counselor, medical technician, medical lab, hospital, health clinic, or any other health care provider to furnish to HSBC Pay Services, Inc. ("HSBC") and/or its attorneys all records, tests, test results, opinions, reports, notes, tapes (audio or video), summaries, charts, graphs, telephone slips/messages, records of patient visits, billing records, insurance records, notes/records of prescriptions or drugs provided or prescribed, x-rays, photostatic copies, abstracts, or excerpts of any records, or any other document in your custody or under your control or any information within your knowledge relating in any way to any treatment, evaluation, assessment, or other service provided by you or anyone else to me for any alleged/reported illness, medical condition, or physical, mental, emotional, psychological, or psychiatric condition.

    I hereby waive any physician-patient privilege, any HIPAA right or any other privilege or right I may otherwise have to said information. Outpatient as well as inpatient records are to be released. This authorization also allows for the release of medical records that you have received from other providers.

    **All documents and information should be produced to Kelly A. Green of Richards, Layton & Finger, One Rodney Square, 920 King Street, Wilmington, Delaware 19801. You are instructed to honor promptly any request for such records and information that may be submitted to you. A copy of this Release, including a copy sent by facsimile transmission, shall be accepted as the original.**

    I hereby release all persons connected with any request for information or records pursuant to this Release from all claims and liability that may arise from the release or use of such information.

    This authorization is valid for 18 months from the date indicated below, or until revoked by me in writing.

Signed: _____      _____
       Felicia Byers                                    Date

NOTE: This authorization is conditioned upon copies of any materials obtained through its use being supplied by HBCS Pay Services, and/or its attorneys to my attorney, Gary W. Aber, Esquire. Further, this authorization is an authorization for medical records or my treatment, and is not an authorization to communicate verbally or otherwise with any healthcare provider.

RLF1-3008194-1