IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FELICIA BYERS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-711-GMS |
| | ) | |
| HSBC PAY SERVICES, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## STIPULATED PROTECTIVE ORDER

On the stipulation of Plaintiff Felicia Byers ("Plaintiff") and Defendant HSBC Pay Services, Inc. ("Defendant"), IT IS HEREBY ORDERED:

1. This Stipulated Protective Order ("Order") shall govern all documents and other discovery materials produced in response to any method of discovery conducted by Plaintiff or Defendant, between themselves or with respect to third-party discovery in this case, including any arbitration or mediation proceedings ordered by the Court, under the Federal Rules of Civil Procedure 26, *et seq.* The order shall govern the use and disclosure of certain confidential, private and/or proprietary information designated in good faith by a party or by a third party that is subject to a discovery request as falling within the categories described in this Order.

2. Whenever, in the exercise of careful judgment, any party to this action or third party that is subject to a discovery request determines that a response to a request for discovery should be treated as confidential because it falls within one of the following categories: personnel files of other employees; customer/client issues; non-public financial disclosures; or some other category to be agreed upon by the parties, that party shall have the right to designate the information as "CONFIDENTIAL" by marking each confidential page of a

document or deposition by a suitable marking, indicating the confidentiality of the information therein, prior to the transmission of a physical copy thereof to the other party. As to those documents that counsel produces for examination by opposing counsel for the purpose of determining which of those documents opposing counsel desires copies, said documents shall be subject to this Order, whether or not marked, until copies thereof are requested and supplied, and thereafter only if the copies supplied are marked as provided in this paragraph or otherwise designated as confidential. Any document so marked, copies thereof, information contained therein, and any extracts, abstracts, charts, summaries or notes made therefrom, also shall be "confidential" material and subject to the restrictions set forth herein. Nothing herein shall prevent a party from objecting to the production of discovery pursuant to Federal Rules of Civil Procedure 26, *et seq.*, or on privilege or work product grounds.

        3. Confidential material shall be disclosed only to:

            a. Counsel for the parties in this litigation.

            b. Court reporters;

            c. The Court for purposes of this litigation, subject to paragraph 9 below.

            d. Stenographic, paralegal, clerical and other employees of the receiving party referred to in subparagraphs (a) - (c) above;

            e. Independent experts, attorneys, advisors and consultants who are employed by the receiving party to perform investigative work, fact research or other services relating to this action;

            f. Deponents during the course of their depositions, and witnesses in preparation for trial and during trial; and

-3-

      g.      The parties, including every director, officer, managing agent and employee (who becomes involved in the litigation or whose duties require them to assist counsel for the parties) and of any party to this litigation.

    4.      Confidential material may only be disclosed to persons listed in paragraphs 3(e) and 3(f) (unless he or she is also a party) above upon compliance with the following requirements:

      a.      Each person shall first be advised by the attorney making the disclosure that pursuant to this Order, the person may not divulge any such material to any other person, except in the preparation or trial of this action, and that disclosure in the preparation of the case is limited to persons entitled to knowledge of confidential documents under this Order.

      b.      The attorney shall secure from each person an affidavit that he or she has read this Order, and understands that pursuant to this Order, he or she may not, and undertakes not to, divulge any such material except in the preparation or trial of this action, and will not use the material for any other purpose. A form of such affidavit is attached hereto as Exhibit A. A copy of this affidavit, together with a list of such material that is disclosed to the person and the date of disclosure, shall be retained by counsel disclosing such material and securing said affidavit. All such material produced thereunder and all copies thereof shall be returned at the conclusion of this litigation to the other party producing it.

      c.      Such material may be disclosed to deponents during the course of depositions if the material is not left in the possession of the deponent, unless the deponent qualifies for access to such material pursuant to this Order.

    5.      If, subsequent to a party's receipt of information designated "Confidential" it shall appear to such party that any such information is not of a nature warranting the protection

afforded hereunder, such party shall first notify counsel for the designating entity in writing, providing its reasons for challenging the designation. If an agreement as to the designation has not been reached within seven business (7) days after such notice was given, then the party asserting the confidentiality may bring a noticed motion as to any such information. While the matter is pending before the Court, the material in question shall be treated as confidential pursuant to this Order. The party designating the document as confidential bears the burden of proof that such designation is merited.

6. If a party or third party through inadvertence produces or provides discovery of any confidential information without designating such disclosed information as confidential information as provided in this Order, the producing party may give written notice to the receiving party or parties that the document, thing, or other discovery information, response, or testimony is confidential information and should be treated as confidential information in accordance with the provisions of this Order. The receiving party or parties must treat such documents, things, information, responses, and testimony as confidential information from the date such notice is received. Disclosure of such documents, things, information, responses, or testimony prior to receipt of such notice to persons not authorized to receive confidential information shall not be deemed a violation of this Order; however, upon receipt of such notice, the receiving party promptly shall retrieve all such confidential information disclosed to anyone who is not entitled to access to confidential information under this Order, destroy said confidential information, and notify the producing party that all such confidential information has been retrieved and destroyed.

7. No copies of confidential material shall be made except by or on behalf of attorneys of record in this case. Any attorneys making copies of such material shall maintain all

copies within their possession unless provided to those entitled to access to such documents under this Order, in which case such individual is required to maintain any such documents pursuant to the terms of this Order.

8. All portions of correspondence, legal memoranda, motion papers, pleadings, and other written material which quote or refer to the specific substance of any confidential information shall also be treated as confidential in accordance with the provisions of this Order, and each such page of such documents shall be marked in accordance with this Order.

9. If any information designated as confidential information is to be filed with the Court in any form in connection with any proceedings herein, such information shall be filed in accordance with the applicable procedures governing electronic filing of documents under seal. In the event a paper copy of any document which contains confidential information is to be submitted to the Court for any reason, including courtesy copies to the Judge, such information shall be filed with the Clerk of the Court in sealed envelopes or containers prominently marked with the caption of the case, a general description of the contents of the envelope or container and a legend substantially in the following form:

"CONTAINS CONFIDENTIAL INFORMATION -- TO BE
OPENED ONLY BY OR AS DIRECTED BY THE COURT".

10. All confidential documents and other discovery materials so designated and produced in connection with this litigation shall be used only for purposes of this litigation between the parties, and not for any other purpose or for any other litigation.

11. The termination of proceedings in this action shall not relieve the persons described in paragraph 3 above from the obligation of maintaining the confidentiality of all confidential information received pursuant to this Order, unless the Court orders or permits otherwise. Upon termination of the proceedings (including all appeals), within twenty (20)

calendar days, any party may request the return of specific documents which were previously furnished as confidential, including any copies thereof, and each person or party to whom such confidential discovery material has been furnished or produced shall be obligated to return the same material, and if no request is made in such time, all parties in receipt of confidential material must destroy such and certify, in writing, that it has destroyed all copies and documents containing such discovery material. This provision shall apply to any documents containing confidential information from discovery material.

12. The termination of the proceedings in this litigation shall not relieve any persons to whom any confidential document, transcript, material, information or data has been disclosed from the obligations of this Order, and the Court shall retain jurisdiction after final disposition of this litigation for the purposes of any application to modify or enforce the provisions of this Order.

13. All objections as to the admissibility into evidence of the documents produced subject to this Order are reserved until trial of this case if the objection is contained in the pretrial order. The use of confidential materials as evidence at the trial of this case shall be subject to this Order unless modified by the Court, or listed as admissible in the Pre-Trial Stipulation. Without losing the confidentiality of the discovery material, any discovery material stamped as confidential under this Order shall be redacted so as to eliminate the stamp before the document is shown to the jury.

14. Nothing in this Order shall be deemed to preclude any party from seeking and obtaining, at any time, on an appropriate showing of good cause, issuance of an order of the Court dissolving or modifying this Order.

-7-

15. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this Order shall promptly notify that party of the motion so that that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

16. Any person violating this Order may be subject to sanctions under the Federal Rules of Civil Procedure.

| | |
|---|---|
| /s/ Gary W. Aber | /s/ Kelly A. Green |
| Gary W. Aber (#754) | Jennifer C. Jauffret (#3689) |
| gaber@gablawde.com | Jauffret@rlf.com |
| Aber, Goldlust, Baker & Over | Kelly A. Green (#4095) |
| 702 King Street, Suite 600 | Green@rlf.com |
| P. O. Box 1675 | Richards, Layton & Finger |
| Wilmington, Delaware 19899 | One Rodney Square |
| (302) 658-1800 | P. O. Box 551 |
| Attorneys for Plaintiff | Wilmington, Delaware 19899 |
| | (302) 651-7700 |
| | Attorneys for Defendant |

SO ORDERED this _____ day of _____, 2006.

_____
Gregory M. Sleet, U.S.D.J.