IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FELICIA BYERS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 05-711-GMS |
| HSBC PAY SERVICES INC., | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF SUBPOENA

To:   Gary W. Aber, Esquire
      Aber, Goldlust, Baker & Over
      702 King Street, Suite 600
      P. O. Box 1675
      Wilmington, Delaware 19899

PLEASE TAKE NOTICE that on September 27, 2006, the attached subpoena was served on the following in accordance with Rule 45 of the Federal Rules of Civil Procedure:

UNUM Provident Insurance Company of America

_____
Jennifer C. Jauffret (#3689)
Jauffret@rlf.com
Kelly A. Green (#4095)
Green@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Attorneys for Defendant

Dated: October 6, 2006

RLF1-3017820-1

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TENNESSEE

FELICIA BYERS,

v.

HSBC PAY SERVICES, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    05-711-GMS
District of Delaware

TO:  UNUM Provident Insurance Company of America
c/o Kevin Livingood
1 Fountain Square
Chattanooga, TN  37402

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **Any and all witness statements, deposition transcripts, exhibits, pleadings, correspondence, affidavits, medical records, diagnostic tests and any other documents relating to Felicia Byers.  A Medical Authorization is attached hereto which further specifies some of the documents requested.**

| PLACE | DATE AND TIME |
| --- | --- |
| Richards, Layton & Finger, PA<br>One Rodney Square, P.O. Box 551, Wilmington, Delaware 19899 | October 13, 2006, 5:00 p.m.<br>(Eastern Standard Time) |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *Kelly A Green*    Attorney For Defendant | September 27, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Kelly A. Green
Richards, Layton & Finger, PA
One Rodney Square, P.O. Box 551, Wilmington, Delaware 19899
(302) 651-7700

---

[1] If action is pending in district other than district of issuance, state district under case number

RLF1-3063698-1

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE 9-27-06 | PLACE UNUM Provident Ins. Co. 1 Fountain Sq. Chattanooga, TN. 37402 |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) Pauline Buck; Legal Dept. | MANNER OF SERVICE Substitute Service |
|---|---|
| SERVED BY (PRINT NAME) Craig Ward | TITLE Private Investigator |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  9-27-06
DATE

Craig Ward
SIGNATURE OF SERVER

P.O. Box 251
ADDRESS OF SERVER

Evensville, TN. 37332

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

RLF1-3063698-1

## AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS/INFORMATION

Re:        Felicia Byers  
DOB:  
SS #:

MAY 1 2 2006

    I, Felicia Byers, authorize any physician, psychiatrist, psychologist, osteopath, chiropractor, acupuncturist, therapist, dentist, podiatrist, nurse practitioner, social worker, psychiatric social worker, counselor, medical technician, medical lab, hospital, health clinic, or any other health care provider to furnish to HSBC Pay Services, Inc. ("HSBC") and/or its attorneys all records, tests, test results, opinions, reports, notes, tapes (audio or video), summaries, charts, graphs, telephone slips/messages, records of patient visits, billing records, insurance records, notes/records of prescriptions or drugs provided or prescribed, x-rays, photostatic copies, abstracts, or excerpts of any records, or any other document in your custody or under your control or any information within your knowledge relating in any way to any treatment, evaluation, assessment, or other service provided by you or anyone else to me for any alleged/reported illness, medical condition, or physical, mental, emotional, psychological, or psychiatric condition.

    I hereby waive any physician-patient privilege, any HIPAA right or any other privilege or right I may otherwise have to said information. Outpatient as well as inpatient records are to be released. This authorization also allows for the release of medical records that you have received from other providers.

    **All documents and information should be produced to Kelly A. Green of Richards, Layton & Finger, One Rodney Square, 920 King Street, Wilmington, Delaware 19801. You are instructed to honor promptly any request for such records and information that may be submitted to you. A copy of this Release, including a copy sent by facsimile transmission, shall be accepted as the original.**

    I hereby release all persons connected with any request for information or records pursuant to this Release from all claims and liability that may arise from the release or use of such information.

    This authorization is valid for 18 months from the date indicated below, or until revoked by me in writing.

Signed: _[signature]_                         May 10, 2006  
        Felicia Byers                           Date

NOTE:    This authorization is conditioned upon copies of any materials obtained through its use being supplied by HBCS Pay Services, and/or its attorneys to my attorney, Gary W. Aber, Esquire. Further, this authorization is an authorization for medical records or my treatment, and is not an authorization to communicate verbally or otherwise with any healthcare provider.

RLF1-3008194-1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2006, I electronically filed the foregoing Notice of Subpoena with the Clerk of Court using CM/ECF which will send notification of such filing to the following and on October 6, 2006, mailed, via first class mail, postage prepaid, copies of the same to:

>Gary W. Aber, Esquire
>Aber, Goldlust, Baker & Over
>702 King Street, Suite 600
>P. O. Box 1675
>Wilmington, Delaware 19899

>_____
>Jennifer C. Jauffret (#3689)
>Jauffret@rlf.com
>Kelly A. Green (#4095)
>Green@rlf.com
>Richards, Layton & Finger
>One Rodney Square
>P. O. Box 551
>Wilmington, Delaware 19899
>(302) 651-7700
>Attorneys for Defendant

RLF1-3017843-1